442 A.2d 252

**BUSY BEAVER BUILDING CENTERS, INC.**

v.

**Harry J. TUECHE and Carmen Tueche, his wife, Appellants.**

Superior Court of Pennsylvania.

Argued March 16, 1981.

Filed Dec. 4, 1981.

Reargument Denied March 26, 1982.

Bernard S. Shire, Monessen, for appellants.

Stephen J. Laidhold, Pittsburgh, for appellee.

Before PRICE, BROSKY and MONTEMURO, JJ.

BROSKY, Judge:

This appeal concerns an action brought under 42 Pa.C.S. § 8104 [1] by appellant-debtors to have a judgment record marked satisfied and to recover liquidated damages from appellee-creditor for its failure to satisfy same. The lower court entered an order based upon the entire record, consisting of the pleadings and deposition of Harry Tueche. There was no testimony taken. It found that "[t]he mortgage was intended *to take the place of the judgment note* and secure

---

1. Act of July 9, 1976, P.L. 586, No. 142, § 2, effective June 27, 1978, 42 Pa.C.S. § 8104.

the obligation," and ordered satisfaction of the Westmoreland County judgment because it believed "that the receipt of a mortgage by the [appellee] in place of the judgment note which it satisfied in Washington County nullifies that judgment and as well . . . the [judgment] in Westmoreland County."

However, the court held that appellants were not entitled to liquidated damages under the statute on the ground that the prerequisite for entitlement to liquidated damages is that the creditor must have received satisfaction of the judgment; and that mere satisfaction of the docket (in Washington County) did not satisfy the underlying debt obligation. The court found that "there remains unpaid on [appellants'] indebtedness to Busy Beaver one thousand, eight hundred nine dollars and eighty-seven cents." Thus, it denied appellants request for liquidated damages. It is from this portion of the order that appellants have taken this appeal.

We affirm the order of the lower court.

The central issue for our determination is whether appellants are entitled to recover liquidated damages under the statute. Appellants contend that the court below erred in denying their claim for liquidated damages, arguing that once the court entered an order directing that the Westmoreland County judgment be satisfied, that it was bound by the statute to award appellants liquidated damages.

The facts are as follows. Appellee sold materials on credit to appellant, a home builder. In connection therewith, as a security measure, appellee required appellant to execute a judgment note in its favor, which appellant executed March 10, 1970, in the amount of $6,660. Appellants did not comply with the payment schedule set out in the note. On August 5, 1970, appellee recorded the note in the Court of Common Pleas of Washington County, Pennsylvania, in the amount of $6,930, representing the face amount of the note plus attorney fees. On August 10, 1970, appellee filed a Certification of Docket Entries and Judgment, executed by the Prothonotary of Washington County, with the Prothonotary of West-

moreland County, thereby effecting a transfer of the Washington County judgment under Pa.R.C.P. 3002.[2]

On October 29, 1970, appellants executed a mortgage in favor of appellee in the amount of $5,200, secured by three lots. The mortgage provided in part:

BUSY BEAVER BUILDING CENTERS, INC. agrees to release any of the lots secured in this mortgage upon receipt of the sum of $1,700.00, plus all interest to date.

The record shows that two of the lots were released.[3] One was released November 4, 1970; the other was not released until April 21, 1978. The third lot was sold at sheriff's sale. Neither the date of the sale nor the sale price is disclosed by the record.

On November 24, 1970, the judgment entered in Washington County on August 5, 1970 was marked "satisfied in full" upon the docket DSB.

The Westmoreland County judgment was never marked satisfied. On August 8, 1975, appellee filed a praecipe for a writ of revival of the Westmoreland County judgment; and a writ was subsequently issued.

By letter dated December 27, 1977, appellants, through their attorney, requested that Busy Beaver have the Westmoreland County judgment marked satisfied on the docket. The letter stated, in relevant part:

Our clients have advised us that any amounts represented by these judgments have been fully paid to your company as evidenced by the satisfaction of the earlier Washington County judgment.

**2.** Pa.R.C.P. 3002 states in relevant part: (a) A judgment may be transferred to another county by filing of record a certified copy of all the docket entries in the action and a certification of the amount of the judgment. (b) The prothonotary of the court to which a judgment is transferred shall forthwith enter it in the appropriate docket and index it against the defendant.

**3.** The lower court states in its opinion that the lots were sold. The deposition of Harry Tueche indicates that First Federal Savings and Loan of Monessen sent two checks to Busy Beaver, each in the amount of $1,700, representing payment in exchange for the release of two of the lots.

We enclosed herewith a check payable to Busy Beaver Building Centers in an amount of $13.00 representing a reasonable and sufficient amount for satisfying the Westmoreland County judgment.

Please satisfy this judgment at once.

Appellee refused to satisfy the judgment. Thereafter appellants filed suit.

In its pleadings, appellee defended on the ground that appellants still owed it approximately $1,809.87 and that therefore it could rightfully refuse to have the Westmoreland County judgment marked satisfied.

In his deposition, Tueche stated that at the time he executed the judgment note, appellee's manager promised him that the note would not be recorded until and unless he died. He asserted that when he discovered that it had been recorded, he

[p]rotested ... to such a degree that [the manager] suggested that I give Busy Beaver a mortgage to wipe out [the] note in its entirety. And that is what I did. I issued them a mortgage somewhere in October, 1970 ...

Appellee's attorney asked:

Q. Your position is your posting the mortgage satisfied the judgment obligation to Busy Beaver?

A. Absolutely.

Section 8104 provides:

§ 8104. Duty of judgment creditor to enter satisfaction.

(a) General rule.—A judgment creditor who has received satisfaction of any judgment in any tribunal of this Commonwealth shall at the written request of the judgment debtor, or of anyone interested therein, and tender of the fee for entry of satisfaction, enter satisfaction in the office of the clerk of the court where such judgment is outstanding, which satisfaction shall forever discharge the judgment.

(b) Liquidated damages.—A judgment creditor who shall fail or refuse for more than 30 days after written notice in the manner prescribed by general rules to comply with a

request pursuant to subsection (a) shall pay to the judgment debtor as liquidated damages 1% of the original amount of the judgment for each day of delinquency beyond such 30 days, but not less than $250 nor more than 50% of the original amount of the judgment. Such liquidated damages shall be recoverable pursuant to general rules, by supplementary proceedings in the matter in which the judgment was entered.

To begin with, we note that we have not had the occasion in the past to interpret this statute.

42 Pa.C.S. § 8104 was derived from several statutes, including the now-repealed 12 P.S. §§ 971, 973, 974, 975, 977, 978, and 42 P.S. § 811. Title 12 is entitled "Civil and Equitable Remedies and Procedure." Sections 971, 973, 974, 975, 977 and 978 appear under the subheading entitled "Discharge of Judgments," which is further divided into two subheadings: "By Payment Into Court," and "By Satisfaction." It is under the latter that §§ 971, 973, 974, 975, 977 and 978 appear.

Section 971 provides:

Satisfaction to be entered of record; penalty for neglect. Each and every person having received satisfaction for his or their debt or damages recovered by judgment in any court of record within this commonwealth shall, at the request of the defendant or defendants in the action, or of his, her or their legal representatives, or other persons concerned in interest therein, on payment of the costs of suit, and on tender of his reasonable charges and the costs of office for entering satisfaction, within eighty days after such request made, enter satisfaction of the judgment in the office of the prothonotary of the court where such judgment was or shall be entered, which shall forever thereafter discharge, defeat and release the same; and if such person, having received such satisfaction as aforesaid, by himself or his attorney, shall not, within eighty days after request and payment of the costs of suit, and tender of charges as aforesaid, repair to the said office, and there enter satisfaction as aforesaid, he, she or they

510

refusing or neglecting so to do, shall forfeit and pay unto the party or parties aggrieved any sum of money, not exceeding one-half of the debt or damages so adjudged and recovered, to be sued for and demanded by the defendant, or persons damnified, in like manner as other debts are now recoverable by law in this commonwealth.

Section 973 provides:

§ 973. Proceedings to obtain entry of satisfaction of judgments, in Philadelphia.

When it shall be made known by petition to any court in the said city and county, in which any judgment or decree for the payment of money has been obtained, that more than ten years have elapsed since the rendition of said judgment or making of said decree, and that the same has been paid by the defendant or defendants, person or persons, against whom the same has been rendered or made, or by some other person, or has been settled or compromised by the payment of a less sum than the amount of such judgment or decree, or by the transfer of property, rights, or credits received in full thereof, or in settlement and satisfaction thereof, it shall be the duty of said court to examine into the facts set forth in such petition, and upon being satisfied of the truth thereof, to direct the prothonotary of said court, upon the payment of the costs, if any, due to him upon such judgment or decree, to enter satisfaction upon the record thereof . .

Sections 974 and 975 are merely procedural and do not concern us here. Section 977 states that where it appears by the production of the record that a judgment has been "fully paid, under or by virtue of an execution or executions issued thereon, and satisfaction has not been entered upon" on the docket, it shall be the duty of the court, upon the request of any interested party, upon payment of a fee to the prothonotary, to enter satisfaction upon the docket.

Section 978 provides that, upon application by a debtor setting forth under oath that a judgment of record has been paid, along with all costs, the court shall grant a rule upon the creditor to show cause why the judgment should not be

marked satisfied of record. If the court upon hearing the rule, believed that the judgment had been fully paid, then it was obliged to direct the prothonotary to mark the judgment satisfied of record.

This section provided a short and inexpensive method of ending clear cases of undisputed payment. *Atkinson v. Harrison*, 153 Pa. 472, 26 A. 294 (1893). A judgment could be satisfied under this section only in the event it clearly appeared that it had been "fully paid." *Time Sales Finance Corp. v. F. W. Lang Co.*, 428 Pa. 468, 239 A.2d 337 (1968).

42 P.S. § 811 appears under the heading "Payment and Satisfaction of Judgment." Entitled "Time for entering satisfaction," it provides that any person who shall not, within thirty days after receiving written notice of the payment of a judgment, in his favor, together with costs, before a justice of the peace, enter satisfaction on the docket shall be subject to a penalty of one-fourth of the debt paid.

■ It seems clear, upon an examination of these sections, that the term "satisfaction" as used in 42 Pa.C.S. § 8104, in the phrase, "[h]aving received satisfaction," refers to a situation in which a creditor has received *payment* of the underlying debt obligation.

Section 973 is addressed to the situation in which more than ten years have elapsed since the entry of a judgment, and the debtor is able to show that the judgment *has been paid.* Under §§ 977 and 978 also, it must appear that the judgment "has been *fully paid.*"

Finally, under 42 P.S. § 811, a creditor must enter satisfaction upon the docket where he receives notice that payment has been made.

We hold, in light of the clear import of these statutes, that the phrase "a judgment creditor who has *received satisfaction* of any judgment . . ." must be interpreted to mean that

the creditor has received full payment of the underlying debt instrument.[4] The context of the statute, as well as its history, clearly requires that such meaning be given to the term "satisfaction" here. See *Treaster v. Township of Union*, 430 Pa. 223, 242 A.2d 252 (1968).

◼ In interpreting the statute in this way, we adhere to the well settled principle of construction that the language of a statute must be read in a sense which harmonizes with the subject matter and its general purpose and object. *Swartley v. Harris*, 351 Pa. 116, 119, 40 A.2d 409, 411 (1945).

◼ Here, appellee did not file a cross appeal from the portion of the order directing the Prothonotary of Westmoreland County to satisfy the judgment. Therefore, although it appears that appellee is still owed one thousand, eight hundred nine dollars and eighty-seven cents, and thus has not "received satisfaction" in accordance with 42 Pa.C.S. § 8104(a), we cannot make a determination as to whether or not that portion of the order was proper. Pa.R.A.P. 302(a); *Dilliplaine v. Lehigh Valley Trust Co.*, 457 Pa. 255, 322 A.2d 114 (1974). Since this issue was not preserved for appeal, we are limited to a determination of whether appellants are entitled to liquidated damages under these circumstances.

We hold that they are not, since we find that entitlement to damages is dependent upon receipt of satisfaction by the judgment creditor, which in turn requires payment in full of the underlying debt instrument. Since appellee is still owed one thousand, eight hundred and nine dollars and eighty-seven cents, it cannot be said to have "received satisfaction."

For these reasons, we affirm the order of the lower court.

PRICE, J., did not participate in the consideration or decision of this case.

4. Although we hold that the statute requires full payment, we do not rule out the possibility of a creditor receiving satisfaction from a levy, so long as the creditor receives the amount it is owed.