487 A.2d 987

**FIRST NATIONAL CONSUMER DISCOUNT COMPANY, Appellant,**

**v.**

**Clyde F. FETHERMAN a/k/a Clyde Fetherman and Veronica L. Fetherman, Appellees.**

Superior Court of Pennsylvania.

Argued Sept. 11, 1984.

Filed Jan. 25, 1985.

**324**

Howard M. Holmes, Philadelphia, for appellant.

George M. Painter, III, King of Prussia, for appellees.

Before McEWEN, DEL SOLE and POPOVICH, JJ.

McEWEN, Judge:

This is an appeal from a judgment in the sum of $13,800 in favor of appellees and against appellant, which represented liquidated damages awarded pursuant to 42 Pa.C.S. § 8104 and from an order directing that a 1976 judgment against appellees be marked satisfied. Appellant raises three issues for our review:

Whether appellees failed to tender the requisite filing fee under 42 Pa.C.S. § 8104(a)?

Whether appellees failed to request from appellant satisfaction of judgment?

Whether the judgment in question was satisfied by being paid in full, as required by 42 Pa.C.S. § 8104(a)?

We affirm the order directing that the judgment against appellees be marked satisfied but conclude that we must reverse the award of liquidated damages.

In December, 1976, judgment in foreclosure was entered against appellees in the sum of $27,600 plus costs. One of two mortgaged parcels of land was sold at sheriff's sale for $28,500 in January of 1977. Exceptions to the sheriff's distribution were filed by two creditors but were subsequently denied. After costs and taxes, the net proceeds from the sale were $26,912.24. No deficiency judgment was sought and appellant did not undertake execution proceedings against the second mortgaged premises.

Appellees sent appellant's counsel of record a demand for satisfaction of the judgment by letter dated September 19, 1978. Counsel for appellant responded by letter dated September 25, 1978, indicating that an order to mark the judgment satisfied was being filed with the court and also provided appellees with a copy of the order. Judgment was not, however, marked satisfied and after several further demands were made, appellees petitioned the Court of Common Pleas to have the judgment marked satisfied and to be awarded liquidated damages. The parties presented, at a hearing on the petition, evidence in the form of admissions, exhibits and the record of the proceedings of the sheriff's sale, as well as oral argument. The hearing judge then granted the petition of appellees.

Appellant first claims that the judgment in question was never satisfied since appellant was never paid the full amount of the judgment. Appellant relies on *Busy Beaver Building Centers, Inc. v. Tueche*, 295 Pa.Super. 504, 442 A.2d 252 (1981), for the proposition that failure to receive the full amount of its judgment requires this Court to find that the judgment was never satisfied. In *Busy Beaver, supra*, the creditor had a $6,600 judgment against the debtor in Westmoreland County and also held a mortgage for $5,200 on three properties of the debtor in Washington

County. The mortgage provided for the release of the properties upon receipt of $1,700 per property. The Washington County judgment was marked satisfied but the Westmoreland County judgment was not marked satisfied and the creditor filed for a writ of revival of the Westmoreland County judgment which was subsequently issued. The debtor then filed suit to have the Westmoreland County judgment marked satisfied, and to be awarded liquidated damages. The underlying debt instrument had not been paid in full, however, and this Court held that the judgment had not been satisfied for the purposes of receiving liquidated damages pursuant to 42 Pa.C.S. § 8104. *Id.*, 295 Pa.Superior Ct. at 505, 442 A.2d at 252–253.

■ In the instant case, appellant never received the full amount of the judgment because it failed to pursue a deficiency judgment by petitioning the Court of Common Pleas to fix the fair market value of the real property sold at the sheriff's sale within the statutorily prescribed six month period. Section 8103(d) of the Judicial Code, 42 Pa.C.S. § 8103(d), provides as follows:

### § 8103   Deficiency Judgments

\*    \*    \*    \*    \*    \*

**(d) Action in absence of petition.**—If the judgment creditor shall fail to present a petition to fix the fair market value of the real property sold within the time after the sale of such real property provided by section 5522 (relating to six months limitation), the debtor, obligor, guarantor or any other person liable directly or indirectly to the judgment creditor for the payment of the debt, or any person interested in any real estate which would, except for the provisions of this section, be bound by the judgment, may file a petition, as a supplementary proceeding in the matter in which the judgment was entered, in the court having jurisdiction, setting forth the fact of the sale, and that no petition has been filed within the time limited by statute after the sale to fix the fair market value of the property sold, whereupon the court, after notice as prescribed by general rule, and being

satisfied of such facts, shall direct the clerk to mark the judgment satisfied, released and discharged.

Act of July 9, 1976, P.L. 586, No. 142, § 2, 42 Pa.C.S. § 8103(d). Application of 42 Pa.C.S. § 8103(d) to the facts of this case compels the conclusion that the judgment was satisfied as a matter of law at the expiration of the six month period during which appellant could have filed for a deficiency judgment.

Having determined that the learned Judge Oscar S. Bortner properly ordered the judgment marked satisfied, we next examine whether appellees are entitled to liquidated damages. The pertinent statute provides:

**§ 8104. Duty of judgment creditor to enter satisfaction**

**(a) General rule.**—A judgment creditor who has received satisfaction of any judgment in any tribunal of this Commonwealth shall, at the written request of the judgment debtor, or of anyone interested therein, and tender of the fee for entry of satisfaction, enter satisfaction in the office of the clerk of the court where such judgment is outstanding, which satisfaction shall forever discharge the judgment.

**(b) Liquidated damages.**—A judgment creditor who shall fail or refuse for more than 30 days after written notice in the manner prescribed by general rules to comply with a request pursuant to subsection (a) shall pay to the judgment debtor as liquidated damages 1% of the original amount of the judgment for each day of delinquency beyond such 30 days, but not less than $250 nor more than 50% of the original amount of the judgment. Such liquidated damages shall be recoverable pursuant to general rules, by supplementary proceedings in the matter in which the judgment was entered.

42 Pa.C.S. § 8104.

■ We are not persuaded that appellees are entitled, under the circumstances of this case, to liquidated damages. As this Court held in *Busy Beaver, supra,* "entitlement to damages is dependent upon receipt of satisfaction by the

judgment creditor, which in turn requires *payment in full* of the underlying debt instrument." *Id.*, 295 Pa.Superior Ct. at 512, 442 A.2d at 256 (emphasis added). Appellees here, however, failed to pay in full the underlying debt instrument. We are, therefore, constrained to reverse the judgment awarding liquidated damages to appellees.

Appellant also claims that appellees failed to request appellant to mark the judgment satisfied and failed to tender the required filing fees. These arguments are without merit. The distinguished hearing judge found and the record clearly establishes that a proper request was made and that appellant waived any objection to the filing fee when counsel for appellant indicated appellant would absorb any filing fee.

Order requiring the judgment against appellees to be marked satisfied is affirmed. Judgment awarding liquidated damages is reversed.