**Upper Dauphin National Bank v. Klinger Lumber Co. of Trevorton, Inc.**

*James R. Clippenger,* for plaintiff.

*Jack C. Younkin,* for defendant Klinger Lumber Co.

*Robert J. Muolo,* for defendants Mattern Lumber Co., Inc., James R. Mattern and Dorothy Mattern.

RANCK, *J.*, August 5, 1985—On May 16, 1978, a judgment in the amount of $125,787.71 was entered against defendants by plaintiff. The judgment was revived on July 28, 1983 to CV-83-1273. Plaintiff executed on the judgment and was the successful bidder at the sheriff's sale on March 28, 1984 for certain realty.

The deed to the property was delivered by the sheriff to the Recorder of Deeds of Northumberland County on April 24, 1984. The deed was received by plaintiff's attorney on May 12, 1984.

Before this court are defendants' petitions to have judgment marked satisfied pursuant to 42 Pa.C.S. §8103(d). Defendants Klinger Lumber Co. of Trevorton, Inc., Earl E. Klinger and Mildred P. Klinger, filed their petition on November 9, 1984. Defendants Mattern Lumber Co., Inc., James R. Mattern and Dorothy A. Mattern, filed their petition on November 16, 1984.

The Deficiency Judgment Act, 42 Pa.C.S. §8103(d) provides:

"If the judgment creditor shall fail to present a petition to fix the fair market value of the real property sold within the time after the sale of such real property provided by section 5522 (relating to six months' limitation), the debtor, obligor, guarantor or any other person liable directly or indirectly to the judgment creditor for the payment of the debt, or any person interested in any real estate which would, except for the provisions of this section, be bound by the judgment, may file a petition, as a supplementary proceding in the matter in which the judgment was entered, in the court having jurisdiction, setting forth the fact of the sale, and that no petition has been filed within the time limited by statute after the sale to fix the fair market value of the property sold, whereupon the court, after notice

as prescribed by general rule, and being satisfied of such facts, shall direct the clerk to mark the judgment satisfied, released and discharged."

In its answer to the petition to have judgment marked satisfied which was filed November 30, 1984, plaintiff included as new matter a petition to fix the fair market value of said real estate. Based on this fact, we are compelled to grant the relief request of defendants.

In the case of Valley Trust Company of Palmyra, Pa. v. Lapitsky, 339 Pa. Super. 177, 488 A.2d 608 (1985), the Superior Court stated that "failure to comply with the [Deficiency Judgment] Act creates an irrebuttable presumption that the creditor was paid in full in kind." Id. at 611. The same conclusion was reached in First National Consumer Discount Company v. Fetherman, 338 Pa. Super. 323, 487 A.2d 987 (1985).

In the case at bar, plaintiff contends that the six-month time period does not begin to run until receipt of the deed by plaintiff. Even if the period began to run on May 12, 1984, the six-month limitation would have expired on November 12, 1984. This was before any petition to fix the value of real property had been filed.

Because the petition to fix value of real estate was not filed within the six-month limit, the requirements of the Deficiency Judgment Act were not met.

Accordingly, we enter the following

## ORDER

And now, August 5, 1985, after argument and careful consideration, it is ordered and directed that the clerk of courts shall mark the judgment entered to CV-78-1220 and revived to CV-83-1273 satisfied.