523 A.2d 804

**WOODSTOWN CONSTRUCTION INCORPORATED, Appellant,**

v.

**George H. CLARKE.**

Superior Court of Pennsylvania.

Argued Oct. 23, 1986.

Filed April 3, 1987.

Matthew J. Creme, Jr., Lancaster, for appellant.

Christina L. Hausner, Lancaster, for appellee.

Before WIEAND, OLSZEWSKI and CERCONE, JJ.

CERCONE, Judge:

This appeal arises from an order of court directing appellant, Woodstown Construction Inc. (Woodstown) to pay liquidated damages to appellee, George Clarke, for failing to

timely strike a judgment it had entered against appellee as satisfied.

In August, 1982 Woodstown entered into a contract with appellee for the sale of certain real property. At the time for closing, appellee was unable to obtain a mortgage. In order to extend time for settlement, appellee executed a non-interest bearing judgment note in favor of Woodstown for $17,900.00 which appellant recorded in Columbia County. However, settlement never occurred. On March 11, 1983 Woodstown agreed to accept $1,000.00 as payment in full on the note and release Clarke from all claims related to the original contract. The release also provided that Woodstown would cause the judgment to be marked satisfied. In February, 1984 appellee brought suit pursuant to 42 Pa.C.S.A. § 8104[1] against appellant seeking liquidated damages for appellant's failure to mark the judgment satisfied. Appellant responded by moving for a compulsory non-suit claiming that appellee had not complied with the "notice" provision of § 8104. After hearing testimony the lower court awarded appellee liquidated damages in the amount of $8,950.00, 50% of the amount of the recorded judgment. This timely appeal followed.

The issue before us is whether the court below erred in concluding that appellee had complied with the notice re-

---

1. **§ 8104. Duty of judgment creditor to enter satisfaction**

   (a) **General rule.**—A judgment creditor who has received satisfaction of any judgment in any tribunal of this Commonwealth shall, at the written request of the judgment debtor, or of anyone interested therein, and tender of the fee for entry of satisfaction, enter satisfaction in the office of the clerk of court where such judgment is outstanding, which satisfaction shall forever discharge the judgment.

   (b) **Liquidated damages.**—A judgment creditor who shall fail or refuse for more than 30 days after written notice in the manner prescribed by general rules to comply with a request pursuant to subsection (a) shall pay to the judgment debtor as liquidated damages 1% of the original amount of the judgment for each day of delinquency beyond such 30 days, but not less than $250 nor more than 50% of the original amount of the judgment. Such liquidated damages shall be recoverable pursuant to general rules, by supplementary proceedings in the matter in which the judgment was entered. 1976, July 9, P.L. 586, No. 142, § 2, effective June 27, 1978.

quirement of 42 Pa.C.S.A. § 8104 and in ordering appellant to pay liquidated damages.

Appellant alleges that appellee is not entitled to receive liquidated damages because (1) appellee as judgment debtor failed to request satisfaction in writing; (2) appellant did not receive payment in full of the underlying debt instrument but instead agreed to accept a lesser amount; and (3) liquidated damages are only awarded upon a finding that failure to satisfy the judgment is willful or wanton, a situation not present here.

We find that appellant has waived its second and third allegations for failing to raise them in post-trial motions. Pa.R.A.P. 302; *Dilliplaine v. Lehigh Valley Trust Co.*, 457 Pa. 255, 322 A.2d 114 (1974) (issues cannot be raised for the first time on appeal). Nevertheless, appellant's contention that appellee as judgment debtor had a duty to request satisfaction of the note in writing has been preserved for our review.

██ Appellant avers that appellee as judgment debtor was required under 42 Pa.C.S.A. § 8104 to request in writing that the judgment be marked satisfied and tender the fee for entry of satisfaction. Appellant further avers that appellee failed to comply with this section of the statute. We find appellant's argument to be frivolous for it gives no credence to the release agreement entered into between the parties which contain the following proviso:

> 2. Woodstown agrees to cause the judgment entered in Columbia County to be satisfied and to return The Note marked satisfied to Clarke.

Furthermore the release was signed by Mr. John H. Luecker, president of Woodstown which indicated that appellant had actual notice of the obligation to satisfy the judgment. Hence, it is of no moment that appellee did not make a request in writing for satisfaction. While the release agreement does not speak to who was to tender the necessary fee for the expenses of satisfying the judgment, we find that since appellant was to satisfy the judgment and return to appellee the note marked satisfied he was also to expend all

monies necessary to do so. We note that despite its argument, appellant on February 27, 1984 caused the judgment to be marked satisfied. Accordingly, this argument that it was to receive monies is meritless and made it subject to the imposition of liquidated damages.

As the lower court states in its opinion:

The judgment was satisfied by Woodstown on February 27, 1984. Clarke paid Woodstown the sum of $1,000.00 called for by the release April 19, 1983. Thirty days thereafter is May 20, 1983, representing a deficiency total of 282 days. The statute allows the award of liquidated damages up to 50% of the original judgment. Therefore, the total award of liquidated damages in this case is 50% of $17,900.00 which is $8,950.00. We shall direct that a judgment shall be entered accordingly.

■ However, we conclude that the lower court's ordering appellant to pay appellee $8,950.00 as liquidated damages for failure to timely satisfy the judgment is in error. Here, the original agreement between the parties was subsequently modified. Specifically, the parties agreed to a mutual release of obligations and appellee's payment to appellant, Woodstown, of $1,000.00 in lieu of full payment on the note. Because appellant only received $1,000.00 as full payment on a $17,900.00 note, we believe it would be a windfall were appellee to receive liquidated damages of $8,950.00 based on the amount of the original note.[2]

For the aforestated reasons the order of the court below is vacated and this case remanded for an assessment of liquidated damages predicated on appellee's payment of $1,000.00 on the note. Jurisdiction relinquished.

2. Our decision herein does not overrule this court's holding in *Busy Beaver Building Centers, Inc. v. Tueche,* 295 Pa.Superior Ct. 504, 442 A.2d 252 (1981) (where judgment creditor has not received payment in full on the note, liquidated damages may not be assessed for creditor's failure to mark note as satisfied). We find this case to be distinguishable from *Busy Beaver.* There no release agreement existed between the parties. *Busy Beaver,* although taking a mortgage from the debtor, did not look to the mortgage as satistion in full of its judgment and contested the debtor's allegations to the contrary.