549 A.2d 988

**KEY SAVINGS AND LOAN ASSOCIATION, Appellee,**

**v.**

**LOUIS JOHN, INC., Louis Argyris and Louis J. Cutillo.**

**Appeal of Louis J. CUTILLO.**

Superior Court of Pennsylvania.

Argued Dec. 10, 1987.

Filed Oct. 31, 1988.

Steven J. Proctor, Pottstown, for appellants.

Walter R. Milbourne, Philadelphia, for appellee.

Before WIEAND, KELLY and HESTER, JJ.

KELLY, Judge:

The appellant, Louis Cutillo ("Cutillo") appeals an order denying his request for liquidated damages under 42 Pa.C. S.A. § 8104(b). We affirm.

The facts may be stated as follows. Prior to September 1979, the appellant Cutillo and one Louis Argyris were involved in several business ventures, including a construction business entitled Louis John, Inc. In September 1978, appellee Key Savings and Loan Association ("the Bank") issued a construction loan to Louis John, Inc.; the loan was secured by a mortgage in the principal sum of $1,980,000.00 and the penal sum of $3,960,000.00. Argyris and appellant Cutillo signed the bond and warrant accompanying the mortgage both as individuals and as officers of the corpora-

tion; a clause in the bond and warrant provided that liability under the mortgage was joint and several.

On September 13, 1979, the Bank sent notice of default and its intent to foreclose under the mortgage. Shortly thereafter, difficulties arose between Cutillo and Argyris. To resolve these difficulties, Argyris proposed buying out Cutillo's interest in the corporation. The Bank was amenable to Cutillo's withdrawal and Argyris' assumption of control over the corporation, since the arrangement would allow the construction project to continue. An exchange of releases between the Bank and Cutillo followed. First, Cutillo executed a release in favor of the Bank; the Bank was released from all liability arising from its notice of default and the exercise of its rights under a collateral pledge agreement. Second, the Bank executed a release in favor of Cutillo, releasing Cutillo from any claims arising from his signing the bond and warrant. This second release was executed on the same day Argyris purchased all of Cutillo's stock in the corporation.

On February 17, 1981, despite the release of Cutillo, the Bank confessed judgment on the bond and warrant against Cutillo, Argyris, and Louis John, Inc. in the amount of $362,204.50. Counsel for the Bank believed since the bond and warrant stated that the liability of the signators was joint and several, judgment must be obtained against all three of the debtors named in the bond and warrant.

On November 13, 1981, after informal oral and written attempts to have the Bank relieve him from the judgment failed, Cutillo filed a petition to have the judgment satisfied as to him. The petition alleged that the judgment had become a lien against real estate held by Cutillo, that title insurance companies had therefore refused to insure the title to the property, and that the judgment had damaged Cutillo's business activities. Cutillo therefore requested that, in accordance with the release, the court issue an order marking the judgment satisfied as against Cutillo. The Bank responded by denying the propriety of the relief requested by Cutillo, alleging that satisfaction of the judg-

ment as to one joint and several obligor would satisfy the judgment as to all joint obligors. On June 11, 1982, the court granted Cutillo's petition and directed the prothonotary to mark the judgment satisfied as to Cutillo. The Bank did not appeal this order.

On September 14, 1982, Cutillo filed a petition for liquidated damages in the amount of $1,980,000.00 under 42 Pa.C.S.A. § 8104(b), which allows recovery of liquidated damages for the failure to mark a judgment as satisfied. The Bank responded by arguing that the underlying debt remained unpaid and that liquidated damages under Section 8104(b) are only available when a judgment creditor has received full payment of the underlying debt. The Bank further maintained that its refusal to mark the judgment against Cutillo satisfied was not wrongful because it arose from a *bona fide* dispute over the effect of the Bank's release of Cutillo. Depositions were taken on disputed factual issues, and the case was submitted to the trial court on depositions, exhibits, and argument of counsel. By order dated March 10, 1987, the court denied Cutillo's petition for liquidated damages. This appeal followed.

## I.

The first issue which we must consider is whether, as a prerequisite to an award of liquidated damages under 42 Pa.C.S.A. § 8104, the debtor must prove that the creditor acted in a willful and wanton fashion in failing to mark the judgment satisfied. The trial court found that the Bank had failed to mark the judgment as satisfied because of its "good faith belief that such action was necessary to protect its interests against each of the remaining co-obligors on the unpaid loan";[1] the trial court then held that absent a wanton and willful refusal to mark the judgment satisfied,

---

1. The trial court observed that this belief was incorrect:
   "[t]he correct rule appears to be that the release of one joint and several obligor, without reservation of rights against the others, releases the others from their joint but not from their several obligations." (Trial Ct. Opinion at 13). *See Singer v. Ritter,* 167 Pa.Super. 154, 74 A.2d 520 (1950).

Cutillo was not entitled to liquidated damages. We cannot agree.

## A.

In finding that Section 8104 required a willful and wanton failure to mark the judgment satisfied, without good cause, the trial court in the instant case relied upon *Werner v. Automobile Finance Co.*, 347 Pa. 217, 31 A.2d 898 (1943) and *Miller v. Linwood Building Association*, 40 Del.Co. 25 (1952). These cases are inapposite, as they interpreted predecessors [2] to the current statute which employed materially different language from that which exists in the current statute. The statute construed in those cases vested in the jury discretionary authority to assess a penalty. In *Werner* and *Miller,* the courts indicated that implicit in this discretionary authority was the prerogative to consider the reason or motive for the creditor's failure to mark the mortgage judgment satisfied. Section 8104, however, provides for liquidated damages calculated by an objective application of a statutory formula; it does not vest in the fact finder any discretionary authority to determine the amount of the award. Because there is no discretionary authority within which to imply a prerogative to consider the reason or motive for the failure to mark the judgment satisfied, the reasoning of the courts in *Werner* and *Miller* is plainly inapposite.

## B.

In construing the enactments of the legislature, appellate courts must refer to the provisions of the Statutory Construction Act. 1 Pa.C.S.A. § 1901 *et seq.* The legislature has directed that, "In the construction of the statutes of the Commonwealth, the rules set forth in this chapter shall be observed, unless the application of such rules would result in a construction inconsistent with the manifest intent of the General Assembly." 1 Pa.C.S.A.

**2.** Act of May 28, 1715, 1 Sm.L. 94, § 10, 21 P.S. § 682. Act of April 13, 1791, 3 Sm.L. 28, § 14, 12 P.S. § 971.

§ 1901. In 1 Pa.C.S.A. § 1921(a) and (b) the legislature further explained that:

(a) The object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly. *Every statute shall be construed, if possible, to give effect to all its provisions.*

(b) When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit.

1 Pa.C.S.A. § 1921 (emphasis added). The legislature is presumed not to have intended a provision in its law as mere surplusage and therefore, whenever possible, courts must construe a statute so as to give effect to every word. *Habecker v. Nationwide Ins. Co.*, 299 Pa.Super. 463, 445 A.2d 1222 (1982); *Lukus v. Westinghouse Elec. Corp.*, 276 Pa.Super. 232, 419 A.2d 431 (1980). Words and phrases in a statute are to be construed according to their common meaning and accepted usage. 1 Pa.C.S.A. § 1903(a); *Fireman's Fund Ins. Co. v. Nationwide Mut. Ins. Co.*, 317 Pa.Super. 497, 464 A.2d 431 (1983). Finally, this Court is without authority to insert a word into a statutory provision where the legislature has failed to supply it. *Worley v. Augustine*, 310 Pa.Super. 178, 456 A.2d 558 (1983).

■ The trial court's construction of the statute is not consistent with the above rules. Section 8104(b) provides in pertinent part that "[a] judgment creditor who shall *fail or refuse* ... to comply with a request [under the previous subsection for entry of satisfaction]" shall pay liquidated damages to the debtor in an amount calculated by reference to the statutory formula. In order to construe the statute as imposing liability on a creditor only when the failure or refusal to mark a judgment satisfied is "unreasonable" or "willful," one must: ignore the common meaning of the word "fail," insert the words "without good cause" or "willfully or unreasonably" into the statute though they were not supplied by the legislature; and, render the word "refuse" mere surplusage.

The common meaning and ordinary usage of "fail" has been defined as follows, "[t]o leave unperformed; to omit; to neglect, as distinguished from refuse, which latter involves an act of the will...." *Taylor v. Mason*, 22 U.S. (9 Wheat.) 344, 6 L.Ed. 101 (1824); *cited in Bouvier's Law Dictionary* 1179 (1914) ("fail"). Thus, in order for the term "fail" to imply a willful or unreasonable act, we would have to revise the statute to state "fail *without good cause* or refuse" or "willfully or unreasonably fail or refuse." Moreover, if the word "fail" was construed to imply only willful or unreasonable failure to act, then the word "refuse" would be subsumed within its ambit and would be reduced to mere surplusage. Such a construction of the statute cannot be made by this Court. Rather, the plain and unambiguous meaning of the word "fail" in the statute is simply "to omit or neglect;" no requirement of willfulness or unreasonableness is thereby implied.

## C.

█ Moreover, though no previous appellate authority has directly addressed this question, we find that language utilized by our Supreme Court in *First National Consumer Discount Co. v. Fetherman*, 515 Pa. 85, 527 A.2d 100 (1987), supports our conclusion that once the debtor has complied with the written notice requirement and has shown that the judgment has been satisfied, the debtor is automatically entitled to liquidated damages calculated in accordance with the statutory formula. In *Fetherman*, the creditor received less than the full amount of the judgment when it foreclosed upon the debtor's property. The creditor did not comply with the debtor's request to mark the judgment satisfied. The Supreme Court held that the judgment was deemed satisfied as a matter of law when the creditor failed to timely seek a deficiency judgment, and the debtor was entitled to both satisfaction of record and the immediate imposition of liquidated damages:

> [A]t the written request of the judgment debtor and the tender of the fee for satisfaction, the judgment creditor

has the duty to have the judgment marked satisfied of record. Where the judgment creditor fails to do so for more than thirty days after receiving such written notice, the judgment creditor is liable for liquidated damages pursuant to Section 8104(b).

515 Pa. at 97, 527 A.2d at 105. We find it significant that our Supreme Court used unqualified language in characterizing the creditor's liability and we note the conspicuous absence of any suggestion that the creditor's motivation for failing to have the judgment marked satisfied is even relevant. Thus, the language utilized in *Fetherman* supports our conclusion that the debtor is entitled as of right to liquidated damages whenever the creditor has received satisfaction and fails to comply with a written request to mark the judgment satisfied, regardless of the creditor's reasons or motives.

We conclude that Section 8104 does not require a wilful or wanton failure to mark the judgment satisfied and that the creditor's state of mind in failing or refusing to mark the judgment satisfied is irrelevant in determining whether the debtor is entitled to liquidated damages. Where the debtor has satisfied the judgment and the creditor has failed to remove the judgment despite receiving written notice to do so, the debtor is entitled to satisfaction of record and liquidated damages.

## II.

The second question which we must decide is whether Section 8104(b) requires full payment of the underlying debt instrument in order to trigger liability for liquidated damages under the circumstances of this case. The applicable statute, 42 Pa.C.S.A. § 8104, provides:

§ 8104. **Duty of judgment creditor to enter satisfaction**

(a) **General rule.**—A judgment creditor who *has received satisfaction of any judgment* in any tribunal of this Commonwealth shall, at the written request of the judgment debtor, or of anyone interested therein, and

tender of the fee for entry of satisfaction, enter satisfaction in the office of the clerk of the court where such judgment is outstanding, which satisfaction shall forever discharge the judgment.

(b) **Liquidated damages.**—A judgment creditor who shall fail or refuse for more than 30 days after written notice in the manner prescribed by general rules to comply with a request pursuant to subsection (a) shall pay to the judgment debtor as liquidated damages 1% of the original amount of the judgment for each day of delinquency beyond such 30 days, but not less than $250 nor more than 50% of the original amount of the judgment. Such liquidated damages shall be recoverable pursuant to general rules, by supplementary proceedings in the matter in which the judgment was entered.

(Emphasis added).

In *Busy Beaver Building Centers, Inc. v. Tueche,* 295 Pa.Super. 504, 442 A.2d 252 (1981), the creditor confessed judgment against debtor; debtor then executed a mortgage in a lesser amount in favor of the creditor, secured by three lots. Debtor's petition to have the judgment marked satisfied was granted, with the trial court reasoning that "[t]he mortgage was intended to take the place of the judgment note and secure the obligation." However, the trial court denied debtor's request for liquidated damages. On appeal,[3] this Court affirmed the order denying debtor's request for damages:

[T]he term 'satisfaction' as used in 42 Pa.C.S. § 8104, in the phrase, 'having received satisfaction,' refers to a situation in which a creditor has received *payment* of the underlying debt obligation.

\*　　\*　　\*　　\*　　\*　　\*

... [W]e find that entitlement to damages is dependent upon receipt of satisfaction by the judgment creditor,

---

**3.** The creditor did not appeal the portion of the order granting the petition to have the judgment marked satisfied. This Court expressly refrained from deciding whether the trial court acted properly in ordering the judgment marked satisfied.

*which in turn requires payment in full of the underlying debt instrument.* Since appellee is still owed one thousand, eight hundred and nine dollars and eighty-seven cents, it cannot be said to have 'received satisfaction.'

295 Pa.Superior Ct. at 511–512, 442 A.2d at 255. (Emphasis added). This Court therefore affirmed.

Since the date when *Busy Beaver* was decided in 1981, the liquidated damages issue has been considered on appeal in only two cases. In *Fetherman, supra,* the creditor entered judgment in foreclosure in the sum of $27,600. The property was sold at sheriff's sale, resulting in net proceeds of $26,912.24 to creditor. Creditor did not seek a deficiency judgment for the outstanding amount. Under 42 Pa.C.S.A. § 8103(d), where a creditor fails to seek a deficiency judgment within six months of a sheriff sale, the debtor has the right to have the judgment marked satisfied. Debtor filed a petition to have the judgment marked satisfied and to collect liquidated damages under 42 Pa.C.S.A. § 8104(b). Creditor contended that an outstanding amount remained on the underlying debt, and that the judgment had therefore not been satisfied for purposes of Section 8103. The trial court ordered the judgment marked satisfied and awarded liquidated damages to creditor. On appeal,[4] this Court affirmed the order directing the judgment to be marked satisfied, reasoning that the judgment was satisfied as a matter of law upon the expiration of the six month period during which the creditor could have filed for a deficiency judgment. 338 Pa.Superior Ct. at 327, 487 A.2d at 989. However, relying upon *Busy Beaver, supra,* this Court reversed the order granting liquidated damages:

As this Court held in *Busy Beaver, supra,* 'entitlement to damages is dependent upon receipt of satisfaction by the judgment creditor, which in turn requires *payment in full* of the underlying debt instrument.' ... Appellees here, however, failed to pay in full the underlying debt

4. *Fetherman v. First National Consumer Discount Co.,* 338 Pa.Super. 323, 487 A.2d 987 (1985).

instrument. We are, therefore, constrained to reverse the judgment awarding liquidated damages to appellees. 338 Pa.Superior Ct. at 327–328, 487 A.2d at 990. (Emphasis in original).

On allocatur review, our Supreme Court reversed the portion of our decision which set aside the liquidated damages award. *First National Consumer Discount Co. v. Fetherman, supra.* Our Supreme Court stated:

[T]he Superior Court erred in finding that the appellee had not received full satisfaction of the underlying debt. According to the Deficiency Judgment Act, the procedure to establish that the judgment creditor did not receive full satisfaction in purchasing the debtor's real estate is by a petition to fix the fair market value of the property. The appellee did not follow the statutory procedure in this case. The failure to proceed with such a timely petition establishes that the appellee was satisfied in full in kind.

\* \* \* \* \* \*

We hold that where a judgment creditor purchases the debtor's real estate at a sheriff's sale and then fails to petition to fix the fair market value of that real estate within the statutory time limitation, the judgment creditor is deemed to have received full satisfaction in kind of the underlying debt obligation.

\* \* \* \* \* \*

In a proceeding to recover liquidated damages, the judgment creditor will not be heard to say that he did not receive full satisfaction.

515 Pa. at 95–97, 527 A.2d at 105.

Most recently, the issue of liquidated damages under Section 8104(b) was considered by this Court in *Woodstown Construction Incorporated v. Clarke,* 362 Pa.Super. 119, 523 A.2d 804 (1987) and on allocatur review in our Supreme Court, *Clark v. Woodstown Construction Incorporated,* 516 Pa. 519, 533 A.2d 708 (1987). The creditor in that case entered judgment on a note in the amount of $17,900; the parties subsequently negotiated a settlement *where the*

*creditor agreed to accept $1,000 as payment in full on the note, and to mark the judgment as satisfied.* The creditor delayed in marking the judgment satisfied. On petition of the debtor, the trial court awarded liquidated damages under Section 8104 in the amount of $8,950, representing fifty percent of the amount of the recorded judgment.

On appeal, this Court, after finding that the debtor was not required to make further written demand upon the creditor to mark the judgment satisfied, held that debtor was only entitled to liquidated damages predicated on the payment of $1,000, rather than on the $17,900, the amount of the original note. The court distinguished *Busy Beaver, supra:*

> Our decision herein does not overrule this court's holding in *Busy Beaver Building Centers, Inc. v. Tueche,* 295 Pa.Superior Ct. 504, 442 A.2d 252 (1981) (where judgment creditor has not received payment in full on the note, liquidated damages may not be assessed for creditor's failure to mark note as satisfied). We find this case to be distinguishable from *Busy Beaver.* There[,] no release agreement existed between the parties. *Busy Beaver,* although taking a mortgage from the debtor, *did not look to the mortgage as satistion [sic] in full of its judgment* and contested the debtor's allegations to the contrary.

362 Pa.Superior Ct. at 123 n. 2, 523 A.2d at 806, n. 2. (Emphasis added).

On appeal, our Supreme Court, without comment, reinstated the liquidated damages amount award entered by the trial court, representing fifty percent of the judgment.

We find that the *Fetherman* and *Woodstown* cases are distinguishable from the instant case and debtor's reliance upon them is misplaced. In both *Fetherman* and *Woodstown,* the creditor was precluded from claiming that it had not received satisfaction; because the court found that payment on the underlying debt had been received. In *Fetherman,* the creditor was held to have received satisfaction in kind by operation of law, whereas the creditor in

*Woodstown* agreed that payment of a lesser amount would represent satisfaction of the judgment. In the instant case, the release merely relieved debtor from his obligation under the bond and warrant which accompanied the mortgage, it did not, however, constitute payment on the underlying debt which remained outstanding and unpaid.

We find *Busy Beaver* is directly applicable to the matter before us. In the instant case, as in *Busy Beaver*, the creditor merely released the debtor from his present obligation, it did not however look to the release as satisfaction in full of its judgment and contested debtor's claim to the contrary. We remain of the opinion that satisfaction of the underlying debt, either by operation of law or by agreement, is a condition precedent to receiving liquidated damages, and as such condition has not occurred in this particular case, we find debtor is not entitled to liquidated damages. Accordingly, we hold that the fact that the remaining debtors have not repaid their debt obligation bars Cutillo from receiving liquidated damages under Section 8104.

## CONCLUSION

Based upon the foregoing, we find that the trial court did not err in denying Cutillo's petition for liquidated damages. Accordingly, we affirm the order of the trial court. Jurisdiction is relinquished.

HESTER, J., files a dissenting opinion.

HESTER, Judge dissenting:

Although I agree with the majority that the objective standard set forth in 42 Pa.C.S. § 8104 renders unnecessary a determination of whether appellee acted willfully in refusing to mark the judgment satisfied as to appellant, I respectfully dissent. In its opinion, the majority examined the few cases interpreting § 8104 and concluded that an exchange of releases between the parties to a judgment does not amount to "satisfaction." Consequently, it affirmed the trial court's denial of liquidated damages. Since I do not believe that either § 8104 or the caselaw interpret-

ing it compels such a result, I would reverse and remand the case so that the trial court may consider the other issues presented by the parties.

42 Pa.C.S. § 8104 states:

(a) *General rule.*—A judgment creditor who has received satisfaction of any judgment in any tribunal of this Commonwealth shall, at the written request of the judgment debtor, or of anyone interested therein, and tender of the fee for entry of satisfaction, enter satisfaction in the office of the clerk of the court where such judgment is outstanding, which satisfaction shall forever discharge the judgment;

(b) *Liquidated Damages.*—A judgment creditor who shall fail or refuse for more than 30 days after written notice in the manner prescribed by general rules to comply with a request pursuant to subsection (a) shall pay to the judgment debtor as liquidated damages 1% of the original amount of the judgment for each day of delinquency beyond such 30 days, but not less than $250 nor more than 50% of the original amount of the judgment. Such liquidated damages shall be recoverable pursuant to general rules, by supplementary proceedings in the matter in which the judgment was entered.

In *Busy Beaver Building Centers, Inc. v. Tueche,* 295 Pa.Super. 504, 442 A.2d 252 (1981), we examined the meaning of the term "satisfaction" in the context of 42 Pa.C.S. § 8104. In that case, Harry Tueche, who purchased goods on credit, executed a judgment note in favor of Busy Beaver. However, he failed to comply with the payment schedule contained therein. Consequently, Busy Beaver recorded the note in the Court of Common Pleas of Washington County and transferred the resulting judgment to Westmoreland County. Thereafter, Tueche and his wife executed a mortgage, which was secured by three lots, in a lesser amount in favor of Busy Beaver. After Busy Beaver released two parcels and had the third sold at a sheriff's sale, it marked the Washington County judgment "satisfied in full." Later, the Tueches requested Busy Beaver to

mark the Westmoreland County judgment satisfied. Busy Beaver refused and the Tueches filed suit. Although the trial court ordered the judgment marked satisfied, it denied the recovery of liquidated damages. On appeal, we concluded that the term "satisfied" meant that the underlying debt obligation had been paid in full. Since the Tueches had not completely paid the debt, we affirmed.

We considered this issue again in *First National Consumer Discount Co. v. Fetherman*, 338 Pa.Super. 323, 487 A.2d 987 (1985). In *Fetherman*, First National, which obtained a foreclosure judgment against the Feathermans in the sum of $27,600.00, had one of the two parcels of mortgaged land sold at a sheriff's sale. That sale generated approximately $27,000.00 in net proceeds. Although the sale failed to generate sufficient funds to extinguish the debt, First National never sought a deficiency judgment or began execution proceedings with respect to the other parcel of land. Approximately two years after the sale, the Feathermans' counsel requested First National to mark the judgment satisfied. It refused and the Feathermans instituted suit in an effort to have the judgment marked satisfied and recover liquidated damages. Following a hearing, the trial court granted the requested relief. On appeal, we followed the principles set forth in *Busy Beaver* strictly and reversed the award of liquidated damages. Reviewing our order, the supreme court reversed, holding that since respondent did not seek a deficiency judgment, the debt was deemed to have been paid in full. *First National Consumer Discount Co. v. Fetherman*, 515 Pa. 85, 527 A.2d 100 (1987).

The final case in which we considered the issue of what may constitute "satisfaction" in the context of 42 Pa.C.S. § 8104 is *Woodstown Construction, Inc. v. Clarke*, 362 Pa.Super. 119, 523 A.2d 804 (1987). There, Woodstown recorded a $17,900.00 judgment note executed by Clarke. Shortly thereafter, it agreed to accept $1,000.00 as full payment on the note, release Clarke from all claims, and mark the judgment satisfied. Since Woodstown did not

mark the judgment satisfied, Clarke filed suit seeking an award of liquidated damages. Following a hearing, the trial court awarded him $8,950.00 in liquidated damages. On appeal, we distinguished *Busy Beaver* and concluded that Clarke was entitled to an award of liquidated damages. However, we vacated the trial court's order and remanded the case for the assessment of damages predicated on Clarke's payment of $1,000.00 rather than on fifty percent of the judgment. The supreme court, in a *per curiam* order, subsequently reversed and reinstated the trial court's award. *Clarke v. Woodstown Construction, Inc.*, 516 Pa. 519, 533 A.2d 708 (1987).

As my discussion of the caselaw construing § 8104 reveals, the meaning of the term "satisfaction" has evolved greatly since we decided *Busy Beaver*. The two subsequent cases considering this issue, *Featherman* and *Woodstown*, limited the expansive language of *Busy Beaver*. In those cases, we held that a judgment may be satisfied by operation of law and by an agreement to accept as full payment a sum that is less than the amount actually owed. Although Pennsylvania appellate courts have never decided whether an exchange of releases may constitute "satisfaction" of a judgment under § 8104, I believe that such a holding is the next logical step in the evolutionarily process described above and, consequently, one that we should adopt. Therefore, I would hold that a mutual exchange of releases may amount to "satisfaction" under § 8104.

Although appellant was released from his obligation with respect to the judgment, the majority held that the failure of the two remaining debtors to satisfy the underlying obligation defeated his right to recover liquidated damages. Since the majority's analysis focuses on conduct of parties for whom appellant is neither responsible nor able to control, I cannot agree.

The obvious purpose of § 8104 is to provide protection for judgment debtors who have satisfied *their* judgments from the adverse impact that a judgment that has not been marked satisified could have upon their financial affairs.

The majority's conclusion would defeat this purpose. Therefore, I would reverse and remand the case to the trial court for consideration of the other issues raised by the parties below.