**Merchants Bank, N.A. v. Stewart In-Fra-Red Commissary of Philadelphia Inc.**

*Pamela Kohler,* for plaintiff.

SHEPPARD, JR., *J.*, March 22, 1993 —

This opinion is submitted relative to defendant's appeal of this court's January 13, 1993, order denying defendant's petition for reconsideration of the July 6, 1992, denial of liquidated damages.[1] For the reasons stated, the order should be affirmed.

---

1. The petition sought liquidated damages under 42 Pa.C.S. §8104.

## FACTUAL AND PROCEDURAL HISTORY

Merchant's Bank, N.A. (plaintiff) provided financing to Colebrook Farms Inc.[2] pursuant to a loan agreement executed in August 1987. The financing consisted of a $3.54 million term loan, and a $1.5 million line of credit. Under this agreement, plaintiff received a security interest in Colebrook's inventory, equipment and accounts receivable.

In the spring of 1988, Colebrook entered into donated foods processing agreements with several states, pursuant to the Donated Foods Program of the United States Department of Agriculture. Pertinent federal regulations required that Colebrook provide surety for its fiscal performance of those contracts. United States Fidelity and Guaranty Company agreed to provide the requisite bonds, contingent upon obtaining a security interest in those Colebrook's accounts receivable generated from the donated foods processing agreements.

Plaintiff agreed to subordinate its lien rights in those particular accounts receivable, provided it received guarantees from Colebrook's shareholders. Stewart In-Fra-Red Commissary of Philadelphia Inc. (defendant) was a corporate shareholder of Colebrook at this time. Accordingly, on June 23, 1989, as a result of plaintiff's condition, plaintiff and defendant executed a suretyship agreement (guaranty)[3], whereby defendant guaranteed Colebrook's debts to plaintiff. However, that guaranty had a limit of $1.5 million.

---

2. Colebrook was a Pennsylvania corporation, which has subsequently been liquidated.

3. The guaranty was introduced as Exhibit "A."

On November 25, 1988, plaintiff confessed judgment against defendant in the amount of 1.5 million dollars pursuant to the guaranty.[4] In October 1989, Colebrook filed for protection under the United States Bankruptcy Code. Plaintiff filed a proof of claim for approximately 4.6 million dollars. Plaintiff received approximately $4.12 million from the liquidation of Colebrook's estate. Plaintiff applied a sufficient amount of these funds to satisfy the principal due on the 1.5 million dollar line of credit. The remaining funds were applied to other outstanding loans and to interest and late charges. Even after the liquidation of Colebrook, plaintiff experienced a shortfall of $480,000. Additionally, plaintiff did not recover fully the interest or late fees related to the line of credit, or attorney's fees to which it is, and was entitled under the guaranty.

Defendant took no legal action after the confession of judgment was entered until it petitioned this court on May 19, 1992, for liquidated damages pursuant to 42 Pa.C.S. §8104. This court denied the petition. However, this court subsequently vacated that denial, pending reconsideration, permitting the parties to proceed in accordance with Pa.R.C.P. 209.[5] After depositions had been taken, the defendant again petitioned for liquidated damages. This court denied the petition by order of January 13, 1993. Defendant challenges that order on appeal.

4. It is not clear whether plaintiff's security interest in the accounts receivable was subordinated to U.S.F.&G. However, this fact would only be dispositive if defendant had petitioned to open that judgment.

5. Pa.R.C.P. 209(a) provides that the parties may take depositions on disputed issues of fact.

## DISCUSSION

### A. *Statutory Requirements*

Defendant's petition was based on 42 Pa.C.S. §8104, which provides:

*"§8104. Duty of judgment creditor to enter satisfaction*

*"(a) General rule*—A judgment creditor who has received satisfaction of any judgment in any tribunal of this Commonwealth shall, at the written request of the judgment debtor, or of anyone interested therein, and tender of the fee for entry of satisfaction, enter satisfaction in the office of the clerk of the court where such judgment is outstanding, which satisfaction shall forever discharge the judgment.

*"(b) Liquidated damages*—A judgment creditor who shall fail or refuse for more than 30 days after written notice in the manner prescribed by general rules to comply with a request pursuant to subsection (a) shall pay to the judgment debtor as liquidated damages 1 percent of the original amount of the judgment for each day of delinquency beyond such 30 days, but not less than $250 nor more than 50 percent of the original amount of the judgment. Such liquidated damages shall be recoverable pursuant to general rules, by supplementary proceedings in the matter in which the judgment was entered." 42 Pa.C.S. §8104

### B. *Satisfaction Of The Underlying Debt*

Satisfaction of the underlying debt is a condition precedent to recovery of liquidated damages. 42 Pa.C.S. §8104,

*Key Sav. and Loan Assn. v. Louis John Inc.,* 379 Pa. Super. 226, 549 A.2d 988 (1988), *appeal dismissed, per curiam,* 529 Pa. 573, 605 A.2d 1223 (1992) (McDermott, J., dissenting). Here, the defendant claims that the underlying debt has been satisfied. Plaintiff claims otherwise. The issue is whether plaintiff's act of applying the Colebrook liquidation proceeds to the line of credit debt, thereby satisfying the $1.5 million line of credit principal, renders the judgment by confession satisfied. In this regard, we must be cognizant that the guaranty limited defendant's liability only as amount, but not as to a particular debt obligation. In other words, does the confession of judgment enable plaintiff to hold defendant liable for the existing debts of Colebrook—other than the $1.5 million line of credit—interest on those obligations, late charges and related attorney's fees.

Courts have interpreted the phrase "has received satisfaction," as required by 42 Pa.C.S. §8104(a), to mean that the judgment creditor must have received full payment of the underlying debt. *Busy Beaver Bldg. Ctrs. Inc. v. Tueche,* 295 Pa. Super. 504, 511-12, 442 A.2d 252, 255 (1981); see also *First Nat'l Consumer Discount Co. v. Fetherman,* 515 Pa. 85, 94, 527 A.2d 100, 104 (1987). The underlying debt also may be satisfied as a matter of law. See *First Nat'l Consumer Discount Co., supra* at 96, 527 A.2d at 105.1.

## Defendant's Argument.

Defendant argues that because plaintiff applied a portion of the monies received from Colebrook's liquidation to satisfy the line of credit principal, the judgment was sat-

isfied. Defendant urges that the guaranty specifically limited defendant's liability to the 1.5 million line of credit.[6]

Defendant advances two factors in support of its interpretation of the guaranty. First, James E. McCambridge, Jr., who signed the guaranty as president of defendant, believed that, based on representations of the plaintiff, the guaranty applied only to the line of credit.[7] Second, in an internal proposal concerning the guaranty, plaintiff mentioned that the 1.5 million in the guaranty referred to the line of credit. To demonstrate that the guaranty referred only to the line of credit principal, defendant offers plaintiff's internal memorandum indicating that late charges for the line of credit would not be collected.

## 2. *Procedure.*

It is necessary to distinguish between a determination whether a judgment has been satisfied, and an attack on the contract underlying the confession of judgment. The former is required for resolution of a petition under section 8104. The latter should be addressed through a petition to open or strike—as opposed to a petition based upon section 8104.[8] In a petition brought pursuant to section

6. After filing its original petition, defendant expanded its argument, claiming that its liability is limited to the line of credit principal.

7. See Affidavit of James E. McCambridge, Jr. attached as Exhibit "A" to the memorandum of law in support of the petition.

8. See Pa.R.C.P. 2959, 42 Pa.C.S. §2959. Here, defendant may be barred from filing a petition to open because its first legal action relative to the judgment occurred three years and eight months after the judgment was entered.

8104, the defendant is limited to proving that the underlying debt instrument has been paid in full.

The language of 42 Pa.C.S. §8104 does not provide for the section to be used as a method to challenge a judgment by confession. Unfortunately, the language is not explicit concerning the scope of the section. Consequently, the court should consider the object to be attained by the section, the former law, and the consequences of a particular interpretation. 1 Pa.C.S. §1921(c). The Superior Court, in analyzing a predecessor statute of 42 Pa.C.S. §8104 stated:

"This section provided a short and inexpensive method of ending clear cases of undisputed payment. *Atkinson v. Harrison,* 153 Pa. 472, 26 A.2d 294 (1893). A judgment could be satisfied under this section only in the event it clearly appeared that it had been "fully paid." *Time Sales Finance Corp. v. F.W. Lang Co.,* 428 Pa. 468, 239 A.2d 337 (1968)." *Busy Beaver, supra* at 511, 442 A.2d at 255 (referring to 12 P.S. §978).

Moreover, because the legislature provided specific procedures by which a party may challenge a confession of judgment, it seems improbable that 42 Pa.C.S. §8104 was intended to provide an alternative method. See 42 Pa.R.C.P. 2950-62, 42 Pa.C.S. §§2950-62. To permit section 8104 to become an alternative means of attacking a confession of judgment renders the specific procedural rules meaningless.

Although this court finds that defendant is attempting to bypass the procedure for challenging a judgment by confession, because case law interpreting section 8104

is not clear concerning procedure, a brief, substantive discussion of defendant's claim follows.

## 3. *Analysis.*

The guaranty is a contract and is therefore governed by contract law. When the words of contract are clear, a meaning other than that expressed cannot be given to them. *Lindstrom v. Pennswood Village,* 417 Pa. Super. 495, 502, 612 A.2d 1048, 1051 (1992). The court will not rewrite a contract, or construe it to conflict with the plain meaning of the written words. *Id.* Moreover, in the absence of fraud, accident or mistake, parol evidence concerning preliminary negotiations is inadmissible if it modifies or contradicts the written agreement. *Daset Mining Corp. v. Industrial Fuels Corp.,* 326 Pa. Super. 14, 473 A.2d 584 (1984). Here, the guaranty was signed by defendant corporation's chief executive officer and treasurer, businessmen who presumably knew what they were signing. There was no evidence of fraud, accident or mistake. Thus, this court finds that evidence relative to any preliminary negotiations is inadmissible, and the defendant should be liable to plaintiff according to the express terms of the guaranty.

The guaranty provides that defendant is liable to plaintiff for an amount not to exceed $1.5 million for any of Colebrook's debts to plaintiff. The guaranty further provides that defendant is liable for any costs, including counsel fees, incurred by plaintiff in the enforcement of Colebrook's or defendant's liabilities. Plaintiff asserts that not all of Colebrook's debts have been paid, including costs and attorney's fees. Defendant does not refute this

assertion, nor does defendant assert that it paid any monies due under the judgment. Thus, payment in full has not been made on the underlying debt instrument. Defendant may not recover liquidated damages because it has not satisfied the first requirement for recovery under section 8104.

## CONCLUSION

In summary, defendant has not proceeded properly by attacking the judgment by confession through a section 8104 petition. Moreover, the record as presented does *not* demonstrate either that the terms of the guaranty should not control the amount due under the confession of judgment, or that full payment has been made. Accordingly, this court respectfully submits that it properly denied the petition for liquidated damages.