## Commonwealth of Pennsylvania, Pennsylvania Public Utility Commission *v.* Laurel Pipe Line Company, Appellant.

Argued December 8, 1976, before President Judge Bowman and Judges Crumlish, Jr., Kramer, Wilkinson, Jr., Mencer, Rogers and Blatt.

*Glenn E. Davis,* for appellant.

*Edward Munce,* Assistant Counsel, with him *Daniel F. Joella,* Assistant Counsel, and *Edward J. Morris,* Counsel, for appellee.

Opinion by Judge Kramer, March 21, 1977:

This is an appeal filed by the Laurel Pipe Line Company (Laurel) from an adjudication of the Penn-

sylvania Public Utility Commission (PUC), dated August 22, 1975. The appeal is the result of the dismissal of the exceptions filed by Laurel to the Order Nisi of the PUC.

The PUC concluded that Laurel's rates, for pipeline deliveries, existing prior to the time of this filing, were and are sufficient to provide a fair return on the fair value of Laurel's property. Laurel raises several interesting questions on the procedure used by the PUC, and the methods of accounting used by the PUC staff to arrive at its conclusions.

This Court has examined the voluminous record and extensive briefs of the parties, and we conclude that we are unable to rule upon the merits of this appeal. Because of counsel's use of inappropriate terminology, it was difficult for the Court to sort out the relevant evidence from the irrelevant statements and exhibits offered by witnesses and counsel. For instance, Laurel asserts in its briefs that it is entitled to a rate increase because of the economy of the Commonwealth. This is a novel approach. It also is not the law. Counsel also unfortunately used the term "rate base" when speaking of Laurel's expenses. Expenses are not part of the rate base; they are a part of the cost of service.

There are sufficient statistics in the record to allow an experienced person to arrive at a proper adjudication. Appellate court judges, however, are not trial judges in public utility rate cases. Our task is to determine whether the findings and conclusions of the PUC are supported in the record. Our task is not to rewrite the PUC's adjudication.

We therefore will remand this case to the PUC with a suggestion that counsel for both parties, and the person or persons writing the final adjudication, read, at the very minimum, the following cases of this Court and the Pennsylvania appellate court cases cited

therein. *P.U.C. v. Pennsylvania Gas and Water Co.,* 19 Pa. Commonwealth Ct. 214, 341 A.2d 239 (1975); *Keystone Water Co. v. P.U.C.,* 19 Pa. Commonwealth Ct. 292, 339 A.2d 873 (1975); *Pennsylvania Power and Light Co. v. PUC.,* 10 Pa. Commonwealth Ct. 328, 311 A.2d 151 (1973); *Pennsylvania Power and Light Co. v. P.U.C.,* 8 Pa. Commonwealth Ct. 322, 301 A.2d 380 (1973). Perhaps by the reading of these appellate court decisions, a better comprehension of what is required to make a sufficient record in support of or opposition to the need for increased revenues will be obtained. It certainly does not matter that Laurel has only seven customers. It is still a public utility by definition under Section 2 of the Public Utility Law, Act of May 28, 1937, P.L. 1053, *as amended,* 66 P.S. §1102.

It should be noted also that, contrary to Laurel's apparent misconception, a public utility has the burden of proof in rate cases before the PUC. Section 312 of the Public Utility Law, 66 P.S. §1152. It is not necessary for the PUC to prove anything. The PUC need only provide a due process hearing and review what is presented to it. It has no affirmative duty to try a case for the public utility or for the consumer. In cases of this nature the PUC commissioners are not advocates of anything other than the fair regulation of utility rates. The PUC is compelled to follow prescribed statutory authority. It is one of the duties of this Court to insure that the PUC maintains the requisite equilibrium between the public and private interests involved. A balance must be struck which will attempt to insure that substantial justice is done.

We will, therefore, remand.

ORDER

AND Now, this 21st day of March, 1977, this case is remanded to the Public Utility Commission for the

purpose of receiving, in its discretion, additional evidence. A hearing may be held for this purpose not more than thirty (30) days from the date hereof. It is also ordered that the Public Utility Commission prepare an adjudication in the usual long form of a final order. This should set forth a complete explanation as to how the Commission arrived at its rate base, its cost of service, its cost of money, its depreciation, its allocation factors used for the various purposes, and its method of handling all taxes. This will serve to inform the applicant of the reasons it is, or is not, entitled to an increase.