Abe R. Radell, Petitioner *v.* Pennsylvania Public Utility Commission, Respondent.

Argued April 7, 1983, before Judges BLATT, CRAIG and DOYLE, sitting as a panel of three.

*Val Wilson*, with him *Herbert Somerson*, for petitioner.

*Mark C. Stephenson*, Assistant Counsel, with him *Kenneth E. Nicely*, Deputy Chief Counsel, and *Charles F. Hoffman*, Chief Counsel, for respondent.

OPINION BY JUDGE CRAIG, May 10, 1983:

Abe R. Radell, a taxicab owner holding a certificate of public convenience from the Pennsylvania Public Utility Commission, appeals from a PUC order which adopted an administrative law judge's decision to fine Mr. Radell $1,000 for (1) overcharging a customer,[1] (2) failing to list the origin and destination times of that fare on a log sheet,[2] and (3) failing to maintain his taxicab in a safe, clean, and orderly condition.[3]

---

[1] The PUC decided that, on or about January 12, 1981, the driver of Mr. Radell's cab charged $13.65 for movement which should have cost approximately $9.85 under call or demand tariff Pa. PUC No. 4. The PUC held that Mr. Radell violated 66 Pa. C. S. §1303, which prohibits charging more than the tariff allows.

[2] The PUC also found a failure to record the January 12, 1981 trip, in violation of section 29.134 of the bus and taxi transportation regulations, which required, for each trip, log entries of "origin, destination, time leaving origin, time arriving at destination, number of passengers, amount of fare, and taxicab identification number."

The PUC proposed revisions of Chapter 29 on June 5, 1980 [10 Pa. B. 3614 (1980)] and formally adopted a majority of those revisions on January 23, 1981 [11 Pa. B. 410 (1981)]. As a result, section 29.134 has been reserved and the log requirements for call or demand service may now be found in 52 Pa. Code §29.313(c'.

[3] According to inspection reports stipulated as evidence, the cab's right rear door handle, hood lock, right windshield wiper, and emergency brake were inoperative. Accordingly, the PUC decided that Mr. Radell violated section 29.135 of the regulations, which required a cab owner to keep the vehicle in a safe and orderly condition.

234

Mr. Radell does not seriously dispute that substantial evidence supports the findings of fact.[4] Rather he contends that the fine imposed is excessive because the manager of the taxicab, M & M Selkow, Inc., rectified the problems by removing the meter mechanism which had been misused to overcharge the passenger and by repairing the vehicle before the PUC instituted its complaint on September 2, 1981.

We have no authority, however, to reduce the fine imposed on Mr. Radell; our scope of review is limited to a determination of whether the PUC has violated constitutional rights, committed an error of law, or failed to support any necessary finding of fact by substantial evidence of record. *Manufacturers Association of Erie v. Public Utility Commission*, 47 Pa. Commonwealth Ct. 28, 407 A.2d 114 (1979).

Accordingly, we affirm.

ORDER

Now, May 10, 1983, the order of the Pennsylvania Public Utility Commission entered on March 29, 1982 against Abe R. Radell, A-00098178C812, is affirmed.

---

Section 29.135 has also been reserved by the PUC. *See* 11 Pa. B. 409 (1981). A comparable provision now may be found at 52 Pa. Code §29.315(c).

[4] At the hearing, most of the evidence was stipulated.