Koway Enterprises, Inc., Petitioner *v.* Pennsylvania Public Utility Commission, Respondent.

Argued June 7, 1984 before Judges MACPHAIL, COLINS and PALLADINO, sitting as a panel of three.

*Val Pleet Wilson,* with him, *Herbert Somerson,* for petitioner.

*Michael C. Schnierle,* Assistant Counsel, with him, *Kenneth E. Nicely,* Deputy Chief Counsel, and *Charles F. Hoffman,* Chief Counsel, for respondent.

OPINION BY JUDGE PALLADINO, August 30, 1984:

Koway Enterprises, Inc. (Petitioner) appeals from a Pennsylvania Public Utility Commission (PUC) order cancelling Petitioner's Certificate of Public Convenience (Certificate). We affirm.

On May 8, 1981, August 14, 1981, and August 28, 1981, the PUC adopted complaints against the Petitioner alleging violations of the Public Utility Code (Code).[1] The alleged violations included overcharging passengers on three occasions and operating an unsafe vehicle twice. Each complaint set forth the alleged violation and the Code section violated and each was served on Petitioner by certified mail. No appeal was taken from any complaint adopted and a final order was entered each time.

Each violation carried with it a fine which went unpaid by the Petitioner. On April 22, 1982, the PUC adopted an Order to Show Cause why Petitioner's Certificate should not be cancelled. The order was served on Petitioner by certified mail on May 11, 1982.

On August 27, 1982, after receiving no response from the Petitioner, the PUC adopted a Default Or-

[1] 66 Pa. C. S. §§101-3315.

der in which it cancelled Petitioner's Certificate. This order was entered on September 14, 1982.

No answer was filed and no appeal was taken from any of the foregoing PUC actions until September 29, 1982, when Petitioner's counsel sent the PUC a letter requesting the relevant rules and regulations so that he could file an answer to the Order to Show Cause. Petitioner's counsel also enclosed payment for all outstanding fines against the Petitioner.

Inasmuch as Petitioner never appealed any of the adopted complaints and neither responded to nor appealed the Order to Show Cause, any substantive arguments on the underlying violations have been waived. The only issues reviewable at this time are Petitioner's alleged lack of notice of the PUC actions and the severity of the penalty imposed by the PUC.

Our scope of review in cases such as this is limited to determining whether there has been a violation of constitutional rights, an error of law or if any necessary finding of fact is not supported by substantial evidence. *Radell v. Pennsylvania Public Utility Commission*, 74 Pa. Commonwealth Ct. 232, 459 A.2d 887 (1983).

Petitioner claims that it was denied due process of law through a lack of notice of PUC actions. The facts militate against such a conclusion. Each complaint adopted against the Petitioner was sent by certified mail and each is accounted for by a separate receipt. Each was addressed to Koway Enterprises, Inc., or Richard A. Koway, the individual designated as agent for service of process in the Petitioner's application for its Certificate. Richard A. Koway was also listed as the Petitioner's president and sole stockholder. Nowhere does Petitioner allege that the signature on any receipt was not that of an agent or other authorized representative of Petitioner. The reproduced record renders untenable Petitioner's

4

averment that it did not receive notice of *any* PUC action until September 16, 1982.

Petitioner next argues that the PUC's cancellation of its Certificate constitutes cruel and unusual punishment and/or an abuse of discretion. As noted earlier this Court's scope of review is limited, and as such, it does not include an abuse of discretion standard. Moreover, this Court has no power to reduce a penalty imposed by the PUC, *Radell;* consequently we will only consider Petitioner's assertion that the cancellation of its Certificate is a form of cruel and unusual punishment. While Petitioner's argument is novel, unfortunately it also lacks merit. Petitioner has cited no authority and indeed our research has not discovered any case, which extends the Constitutional protection against cruel and unusual punishment to corporate entities.

Finally, Petitioner claims that the PUC's cancellation of its Certificate and the imposition and collection of fines are illegal as double penalties for the same offenses. The fines were imposed for Petitioner's violations of the Code and its Certificate was cancelled for non-payment of the fines and its failure to respond to the numerous hearing notices sent by the PUC. Petitioner cites no authority for the proposition that the PUC is limited to choosing between keeping the fine money and cancelling Petitioner's Certificate. Penalties and forfeitures imposed under the Code are cumulative. 66 Pa. C. S. §3314(b). Accordingly, the PUC's decision to cancel Petitioner's Certificate of Public Convenience is affirmed.

ORDER

AND Now, August 30, 1984, the order of the Pennsylvania Public Utility Commission cancelling Petitioner's Certificate of Public Convenience, entered September 14, 1982, is affirmed.