531 A.2d 85

Newcomer Trucking, Inc. *v.* Pennsylvania Public
Utility Commission, Respondent.

Argued May 19, 1987, before Judges MACPHAIL and
DOYLE, and Senior Judge NARICK, sitting as a panel of
three.

*John A. Pillar, Pillar and Mulroy, P.C.,* for petitioner.

*Debra Paist,* Assistant Counsel, with her, *Michael C. Schnierle,* Deputy Chief Counsel, *Daniel P. Delaney,* Chief Counsel, for respondent.

*William A. Gray, Vuono, Lavelle & Gray,* for Pitt-Ohio Express, Inc., intervenor.

OPINION BY JUDGE DOYLE, September 15, 1987:

Newcomer Trucking, Inc. (Newcomer) petitions for review of an order of the Pennsylvania Public Utility Commission (PUC) adopting the decision of an Administrative Law Judge (ALJ) suspending Newcomer's Class C certificate for 90 days and imposing a fine of $18,400 for repeated violations of a PUC regulation.[1] We affirm.

The facts in this matter are not in dispute. Newcomer holds a Class C carrier certificate from the PUC authorizing it to transport goods. *See* 52 Pa. Code §31.24. The holder of a Class C certificate is prohibited from transporting the goods of more than one consignor on one truck at any one time. 52 Pa. Code §31.24(d). Pitt-Ohio Express, Inc., a competitor of Newcomer and the intervenor here, charged Newcomer with combining shipments of more than one consignor in violation of its certificate.

Following a hearing, the ALJ found that Newcomer violated the certificate restriction 184 times on 128 separate days, and that it did so intentionally. The ALJ or-

---

[1] Newcomer does not contest the 90-day suspension of its Class C certificate, but only the imposition of the monetary penalty.

dered that Newcomer's Class C certificate be suspended for 90 days and that Newcomer pay a fine of $100 per violation, for a total of $18,400. The PUC adopted the decision of the ALJ, and Newcomer petitions this Court for review.

Newcomer raises a number of issues, which we shall address in order. First, Newcomer contends that Section 3301 of the Public Utility Code (Code), 66 Pa. C. S. §3301, limits to $1,000 the amount of the penalty the PUC can impose upon a violator of any single Code provision regardless of the number of violations committed. Thus, Newcomer asserts that, even though it had violated 52 Pa. Code §31.24 a total of 184 times on 128 separate days, the total fine that the PUC could assess was $1,000. We are compelled to disagree with this strained and unreasonable interpretation.

In relevant part, Section 3301 provides:

*(a)* *General rule.—If any public utility* or any other person or corporation subject to this part, *shall violate* any of the provisions of this part, or shall do any matter or thing herein prohibited; or shall fail, omit, neglect, or refuse to perform any duty enjoined upon it by this part; or shall fail, omit, neglect, or refuse to obey, observe, and comply with *any regulation* or final direction, requirement, determination or order made by the commission, or any order of the commission prescribing temporary rates in any rate proceeding, or to comply with any final judgment, order or decree made by any court, *such public utility,* person or corporation *for such violation,* omission, failure, neglect, or refusal, *shall forfeit and pay to the Commonwealth a sum not exceeding $1,000. . . .*

66 Pa. C. S. §3301(a) (emphasis added).

As our research has uncovered no case law interpreting this provision, we must turn to the Statutory Construction Act of 1972 (Act), 1 Pa. C. S. §§1501-1991, for guidance. Two sections of the Act are particularly instructive here. Under Section 1922, a statute is to be interpreted so as to avoid an absurd or unreasonable result. 1 Pa. C. S. §1922(1). Interpreting Section 3301(a) of the Code in the fashion proposed by Newcomer, however, would be both absurd and unreasonable. Under Newcomer's argument, no matter how many times a Code provision or PUC regulation is violated, be it once or 100 times, the maximum penalty that the PUC could levy would be $1,000. Clearly, this could not have been the intent of the legislature, and we decline to so find.

Moreover, Section 1930 of the Act states: "Whenever a penalty or forfeiture is provided for the violation of a statute, such penalty or forfeiture shall be construed to be for each such violation." 1 Pa. C. S. §1930. When this section is read in conjunction with Section 1922(1) of the Act, it becomes obvious that Section 3301(a) of the Code permits the PUC to impose a fine of up to $1,000 for each and every discrete violation of the Code or PUC regulation, regardless of the number of violations that occur.

Alternatively, however, Newcomer argues that even if the PUC can impose a penalty in excess of $1,000, subsection (b) of Section 3301 of the Code requires the PUC to impose the monetary penalty on a per day, not per violation, basis. Thus, according to Newcomer, since the violation here occurred on 128 separate days, it should have been fined only $12,800.

Section 3301(b) states in pertinent part:

(b) *Continuing offenses.*—Each and every day's continuance in the violation of any regulation or final direction, requirement, determination, or order of the commission, or of any order of the

commission prescribing temporary rates in any rate proceeding, or of any final judgment, order or decree made by any court, shall be a separate and distinct offense. . . .

66 Pa. C. S. §3301(b). While again, no cases have interpreted this exact provision of the Code, cases citing its virtually identical predecessor, Section 1301(b) of the Public Utility Law,[2] are instructive. *See* 1 Pa. C. S. §1922(4) ("[w]hen a court of last resort has construed the language used in a statute, the General Assembly in subsequent statutes on the same subject matter intends the same construction to be placed upon such language").

In *York Telephone & Telegraph Co. v. Pennsylvania Public Utility Commission,* 181 Pa. Superior Ct. 11, 121 A.2d 605 (1956), the court affirmed a PUC order fining a public utility $50 per day for the 655 days it failed to comply with an earlier PUC order to acquire additional manpower to improve its service. In so doing, the court recognized that "continuing offenses" are not simply offenses repeated on more than one day; rather, "continuing offenses" are proscribed activities that are of an ongoing nature and cannot be feasibly segregated into discrete violations so as to impose separate penalties. *Id.* at 37, 121 A.2d at 617 (RHOADES, P.J., concurring and dissenting); *see also Gornish v. Pennsylvania Public Utility Commission,* 134 Pa. Superior Ct. 565, 4 A.2d 569 (1939).

In the case at bar, however, although the proscribed shipments occurred on 128 separate days, 184 separate shipments were identified. Each shipment constituted a separate violation of 52 Pa. Code §31.24, and thus the

---

[2] Act of May 28, 1937, P.L. 1053, *as amended,* 66 P.S. §1491(b). Section 1301 was repealed by Section 2 of the Act of July 1, 1978, P.L. 598.

PUC acted within its power under Section 3301 when it assessed a penalty for each violation.

Finally, Newcomer argues that the $18,400 penalty imposed by the PUC was excessive and unwarranted under the facts of the case. Newcomer asserts that because the violations did not involve public safety, because the monetary penalty will have a severe negative financial impact upon it, and because the 90-day suspension of its Class C operating certificate imposed along with the fine, will result in a monetary loss, the $18,400 fine was excessive and should be modified. In essence, Newcomer argues that the PUC abused its discretion.

Although it is true that we have held that an appellate court may modify a penalty imposed by an administrative agency that is unreasonable in light of the circumstances, *Kobylski v. Milk Marketing Board,* 101 Pa. Commonwealth Ct. 155, 516 A.2d 75 (1986), if the PUC has not violated constitutional rights, committed an error of law, or failed to support any findings of fact by substantial evidence, we cannot reduce a fine imposed by it. *Radell v. Pennsylvania Public Utility Commission,* 74 Pa. Commonwealth Ct. 232, 459 A.2d 887 (1983); *Koway Enterprises, Inc. v. Pennsylvania Public Utility Commission,* 85 Pa. Commonwealth Ct. 1, 480 A.2d 1317 (1984). Our review of PUC actions does not include an abuse of discretion standard. *Koway Enterprises.* Since we have already dealt with Newcomer's arguments as to the PUC's alleged errors of law, and since Newcomer raises no constitutional arguments nor disputes that the PUC's findings of fact were supported by substantial evidence, we are without authority to review the amount of the fine.

Affirmed.

## ORDER

Now, September 15, 1987, the order of the Pennsylvania Public Utility Commission in the above captioned matter is affirmed.