540 A.2d 1006

SME Bessemer Cement, Inc. and SME Limestone Company, Petitioners *v.* Pennsylvania Public Utility Commission, Respondent.

SME Bessemer Cement, Inc., and SME Limestone Company, Petitioners *v.* Pennsylvania Public Utility Commission, Respondent.

Argued October 7, 1987, before President Judge CRUMLISH, JR., Judges CRAIG, MACPHAIL, DOYLE, BARRY, COLINS, and PALLADINO.

*Louis Pomerico, Keller, Pomerico, Leymarie & Clark, P.C.,* for petitioners.

*Terrence J. Buda,* Assistant Counsel, with him, *Will C. Matthews,* Deputy Chief Counsel, *Daniel P. Delaney,* Chief Counsel, for respondent.

*Stephen L. Feld,* with him, *James R. Edgerly,* for intervenor, Pennsylvania Power Company.

OPINION BY JUDGE BARRY, May 5, 1988:

SME Bessemer Cement, Inc. and SME Limestone Company (SME) appeal an October 16, 1986 decision of

the Pennsylvania Public Utility Commission (Commission) which denied, without a hearing, SME's petition for ex parte emergency relief for a stay or supersedeas from termination of electrical service and for a modification of a previous Commission order.[1]

For purposes of our review, the entire history of this matter need not be recited. We will center upon the October 16, 1986 Commission order. However, due to the nature of that order and to the elaborate history of the case, some further expounding on the order is necessary.

This controversy is rooted in SME's failure to pay the Pennsylvania Power Company (Penn Power) for electrical services rendered. SME, already suffering from a cash flow problem due to the seasonal nature of its work, was also hindered because it was obligated to make arrearage payments on its debt. Penn Power's problem, of course, arises from SME's failure to pay and the threat of SME stopping business operations should electrical service be terminated. Penn Power was, therefore, forced to accept late payments or no payments should the service be terminated. Throughout the proceedings Penn Power has been willing to accept the late payments. However, SME does not always make these payments and Penn Power was forced to give notice of the termination of the electrical service.

Initially, the parties reached an agreement providing for SME to reduce the debt by making scheduled payments. This agreement also provided, upon SME's default, for posting of a security bond and for three days notice of termination of service. Shortly thereafter, SME did not make a scheduled payment. Penn Power gave notice of its intent to terminate service. SME peti-

---

[1] On July 3, 1986, the commission ordered that there should be no further hearings at the docket number of this matter.

tioned the Commission for emergency ex parte relief for a stay or supersedeas of this termination. The commission ordered SME to make the scheduled payment and for Penn Power to continue to provide service. This scenario was repeated whenever SME failed to make a scheduled payment.[2]

On July 3, 1986, after SME petitioned for emergency ex parte relief for a stay or supersedeas from termination of services, the Commission ordered immediate payment of all outstanding debt and stated that no further hearings on the matter would be allowed. SME immediately filed another petition requesting the Commission to amend this order and for a hearing. The Commission denied these requests. SME filed for and was granted a stay by the Pennsylvania Supreme Court.[3]

SME failed to make a scheduled payment on October 3, 1986. Penn Power gave notice that it would terminate service effective October 9, 1986. SME petitioned the Commission for emergency relief from termination of service.[4] In addition SME petitioned the Commission for reconsideration of the July 3, 1986 order. Both of these petitions were denied by the Commission in its October 16, 1986 order.

In the October 16, 1986 order the Commission stated:

---

[2] This matter has been litigated at two commission docket numbers, before both Administrative Law Judges and the Commission, has been before this Court on petition for review and has been argued before the Supreme Court of Pennsylvania. There have been four hearings on matters directly related to this subject. These hearings comprised 500 pages of testimony.

[3] This order was vacated on September 4, 1986.

[4] SME filed a petition for review for Stay or Supersedesas with this Court seeking a review of any denial or failure to act on this petition. Senior Judge PAUL A. LEHMAN denied this petition.

1. That the 'Petition of the Pennsylvania Power Company for Amendment of Commission's Order Entered July 3, 1986' filed September 3, 1986 be, and hereby is, denied.

2. That the 'Petition for Interim Ex Parte Emergency Order Pursuant to 52 Pa. Code, Section 3.1 *et seq*.; Request for Modification of Order of July 3, 1986 and Request for Stay and/or Supersedeas', jointly filed on October 7, 1986, by SME Bessemer Cement, Inc. and SME Bessemer Limestone, Inc., be, and hereby is, denied.

3. That the 'Petition for Reconsideration and Stay and Petition for Reconsideration of Denial of Emergency Order and Stay', jointly filed on October 9, 1986, by SME Bessemer Cement, Inc. and SME Bessemer Limestone, Inc., be, and hereby is, denied.

SME argues first that the Commission's order violates its due process rights as the petition was denied without a hearing, and second, that the July 3, 1986 order is a denial of due process because it forecloses a statutory right to request emergency relief. SME argues that the Commission's order barring any further hearings precludes it from obtaining review should it encounter a change in circumstances.

Our scope of review is limited to a determination of whether constitutional rights have been violated, an error of law has been committed, or whether the Commission's findings, determination or order are supported by substantial evidence. 2 Pa. C. S. §704. *U.S. Steel v. Pennsylvania Public Utility Commission,* 69 Pa. Commonwealth Ct. 134, 139, 450 A.2d 1073, 1075-76 (1982).

Section 703(b) of the Public Utility Code allows the Commission to exercise its discretion as to whether a

hearing on a complaint should be held. We believe this exercise of discretion encompasses a petition for a rehearing, (*see* section 703(f), 66 Pa. C. S. 703(f)), and for a petition for emergency relief for a stay or supersedeas from termination of services. *U.S. Steel.* We do not consider the Commission's denial of the request for a hearing or the denial of the petition for emergency relief an abuse of its discretion. SME did not allege any new circumstance that would entitle it to this type of relief. All of the facts alleged in the petition for emergency relief had been relied upon by SME in its prior attempts to obtain relief. Therefore, SME was merely attempting to get another bite of the judicial apple.

We turn to the issue of whether the July 3, 1986 Commission order was a violation of its due process rights when it precluded any further hearings. Clearly, SME has had ample opportunity to litigate this matter and has taken full advantage of this opportunity. The requirements of due process do not extend to infinity. The Commission "need only provide a due process hearing and review what is presented to it." *Pennsylvania Public Utility Commission v. Laurel Pipe Line Co.*, 29 Pa. Commonwealth Ct. 348, 354, 370 A.2d 1252, 1254 (1977). *See Barasch v. Pennsyslvania Public Utility Commission*, 104 Pa. Commonwealth Ct. 52, 81, 521 A.2d 482, 495 (1987). If new facts or circumstances arise that affect SME's ability to pay, preclusion of further hearings may violate due process considerations. However, given that there were several hearings on these same issues, and the fact that SME has not raised any new issues or circumstances in its petitions, we believe that the Commission has properly exercised its discretion and has satisfied the due process requirements of the Fourteenth Amendment of the United States Constitution. Furthermore, we believe that the Commission has been very tolerant of SME. The Commis-

sion has considered all of SME's petitions, has granted SME several extensions of time and stays from termination and has held four extensive hearings on these issues. The preclusion of further hearings in this matter without SME raising new facts is entirely reasonable in this case. Therefore, we affirm the Commission's October 16, 1986 order.

## ORDER

NOW, May 5, 1988, the orders of the Public Utility Commission, dated October 9, 1986 and October 10, 1986, adopted October 16, 1986 at P-850049 are affirmed.