623 A.2d 6

**EDAN TRANSPORTATION CORP., Petitioner,**

v.

**PENNSYLVANIA PUBLIC UTILITY COMMISSION, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Nov. 17, 1992.

Decided Jan. 25, 1993.

Publication Ordered March 23, 1993.

22

Michael S. Henry, for petitioner.

John E. Herzog, Asst. Counsel, for respondent.

Before PALLADINO and FRIEDMAN, JJ., and SILVESTRI, Senior Judge.

FRIEDMAN, Judge.

This is a petition filed by the Petitioner, Edan Transportation Corporation (Edan) for review of an order of the Pennsylvania Public Utility Commission (PUC), entered April 8, 1992, which denied Edan's petition to reinstate its certificate of public convenience.

Edan is a Pennsylvania corporation with its principal place of business located at 730 Ocean Parkway, Brooklyn, New York. Edan was authorized to operate three taxicabs in the city and county of Philadelphia.

Edan's certificate of public convenience was cancelled on July 18, 1991, by an order of the PUC, for failure to file a responsive pleading to a PUC order to show cause, dated June 14, 1990, which order was based upon Edan's failure to file its 1989 annual report, as required by statute and commission regulations.[1] Annual reports are required to provide the PUC with financial and operational information regarding public utility motor carriers.

On November 25, 1991, Edan filed a petition for reinstatement of its certificate. Edan's contention was that, prior to the issuance of the order to show cause for failure to file an annual report, its manager had suddenly and unexpectedly resigned, taking the company records with him, and depriving Edan of the information it needed to file the 1989 report. Edan alleged that it was unable to file its 1989 and 1990 reports until it secured these records from the manager. Because Edan was unable to find a competent and experienced replacement to handle its daily operations, it ceased operating as a taxicab company in Philadelphia and intended to sell its certificates and cease operations there. Edan

1. The Public Utility Code, 66 Pa.C.S. § 504 and 52 Pa.Code §§ 29.42 and 31.9.

further alleges that the failure to file the 1989 report had been cured by the subsequent filing of the 1989 and 1990 reports.

Edan claims that it is seeking reinstatement of its certificate solely for the purpose of transferring its authority, that it has a substantial investment in the certificates which are its only asset and that it will be compelled to default on its many debts if the certificates are not reinstated. Among these debts allegedly owed by Edan is a $14,000.00 assessment to the Philadelphia Capital Area Taxicab Self–Insurance Program (PATSIP), the agency which funds the payment of personal injury claims which are made by members of the public who sustain injuries while riding in taxicabs. Edan alleges that if it is unable to satisfy this obligation, the public will be harmed to the extent that those people who submit claims for injuries to PATSIP may go uncompensated due to the underfunding of the plan. Edan also concedes that it must pay any outstanding medallion fees as a condition of reinstatement.

On April 8, 1992, the PUC entered an order denying Edan's petition for reinstatement. Several reasons for this denial were given, among them the fact that Edan, according to the PUC, had a poor compliance record with PUC regulations, with four commission complaints and orders issued against Edan in 1990 alone. In addition, the PUC found that Edan's allegations about its internal administrative problems did not raise any legal or factual defense to its failure to comply with the administrative requirements set forth above and that Edan's willingness to pay the monies it owed to PATSIP and to the PUC for medallion fees was not pertinent to its petition for reinstatement. The PUC also denied the petition for reinstatement because of Edan's admitted failure to secure medallions for any of its taxicabs, as required by a portion of the Public Utility Code, 66 Pa.C.S. §§ 2401–2416 (also referred to as the Medallion Act).

Edan raises four issues, alleging that: (1) the PUC violated Edan's constitutional right to procedural due process by denying it the opportunity for a hearing; (2) PUC abused its discretion by entering an order which is not supported by substantial evidence; (3) the order itself was arbitrary, capri-

cious and unreasonable to the extent that it amounted to an error of law; and (4) the PUC's order violated the Medallion Act.

This court's scope of review in a direct appeal from a final order of the PUC is limited to determining whether there has been a violation of constitutional rights, an error of law, or whether any necessary finding of fact is not supported by substantial evidence. *Radell v. Pennsylvania Public Utility Commission,* 74 Pa.Commonwealth Ct. 232, 459 A.2d 887 (1983). The PUC is granted broad discretion by statute in determining whether a hearing in a particular case is needed at all. 66 Pa.C.S. § 703; *SME Bessemer Cement v. Pennsylvania Public Utility Commission,* 116 Pa.Commonwealth Ct. 13, 540 A.2d 1006 (1988). Finally, wherever the question presented to the commission is one of law, as opposed to fact, there is no necessity to hold a hearing at all. *Lehigh Valley Power Committee v. Pennsylvania Public Utility Commission,* 128 Pa.Commonwealth Ct. 276, 563 A.2d 557 (1989). Since there is no authority, whether in Edan's brief or the general record, to suggest that there has been an abuse of discretion in this case, the first three issues must be resolved in favor of the PUC order.

The allegations which constitute Edan's defenses as to the remaining issue consist of two assertions: first, that the corporation's owner, Ms. Drora Shalomi, owns several taxicab medallions in New York, and that her operations in New York require her presence there, rather than in Philadelphia. This supposedly led to Ms. Shalomi hiring a manager to oversee her operations in Philadelphia, so that her reliance upon that manager made his departure a burden for Edan so onerous that it was unable to meet its administrative requirements. Yet Edan presents no authority for the proposition that these circumstances could be a defense to failure to meet an administrative requirement, nor for the proposition that Edan's "agreement" to pay its fees to PATSIP and its medallion fees could constitute a basis for reinstatement of its certificates. The assertion that "the public interest" (never defined) re-

quires reinstatement so that Edan can sell its certificates and thus recoup enough capital to pay these debts is unsupported.

The second point raised by Edan is that the PUC's order contravenes the Medallion Act, 66 Pa.C.S. §§ 2401–2416, in that it fails to allow Edan to sell its medallion rights after cancellation of its certification. Edan quotes section 2403 of the Act, which provides that "medallions are property and may not be revoked or cancelled by the commission," and section 2403(b) which provides that "if the commission cancels a certificate, the certificate holder shall have the right to sell the accompanying medallion within six months of the date of cancellations. . . ." This line of reasoning is specious on two counts. First, as PUC properly points out, Edan has waived this argument by failing to raise it in timely fashion in the petition to reinstate. Pa.R.A.P. 1551(a); *Dehus v. Unemployment Compensation Board of Review,* 118 Pa.Commonwealth Ct. 344, 545 A.2d 434 (1988). Secondly, Edan in fact never obtained a medallion for any of its vehicles (Appellant's Brief at 18). It is a patent absurdity to declare that a person's property rights have been impaired when he is denied the ability to sell something which he does not own in the first place.

For these reasons, we affirm the PUC's order of April 8, 1992, denying Edan Transportation Corporation's petition to reinstate its certificate.

## ORDER

AND NOW, this 25th day of January, 1993, the order of the Pennsylvania Public Utility Commission, dated April 8, 1992, is affirmed.