### COMMONWEALTH of Pennsylvania, Appellant

v.

### Jack WISOR, Appellee (Three Cases).

Superior Court of Pennsylvania.

Submitted Feb. 20, 2007.
Filed June 11, 2007.

■

---

La Vieta Lerch, Asst. Dist. Atty., Brookville, for the Com., appellant.

Joseph E. Buckley, Jr., Brookville, for appellee.

BEFORE: STEVENS, ORIE MELVIN, and POPOVICH, JJ.

OPINION BY STEVENS, J.:

¶ 1 The Commonwealth appeals[1] from the judgments of sentence entered by the Court of Common Pleas of Jefferson County on March 14, 2006, following the imposition of a fine in the amount of one dollar ($1.00) in each of three related cases.[2] Herein, the Commonwealth contends that the court erred in failing to impose the mandatory minimum sentences. We vacate the sentences and remand for resentencing.

¶ 2 The relevant facts and procedural history of this case, as set forth by the Commonwealth,[3] are as follows:

On May 11, 2005, after having investigated complaints lodged by township residents, the Snyder Township Building & Sewage Code Administrator [Officer] sent a letter to Jack Wisor, Defendant/Appellee herein, advising him of suspected violations of the Pennsylvania Sewage Facilities Act [Act] and the consequences of not rectifying those violations; also included with this letter was information concerning obtaining the necessary permits. At a later personal meeting with [Appellee], the Officer did not notice any violations of the Act at that time. On August 5, 2005, however, the Officer did personally observe lines installed to each of three occupied dwellings located on [Appellee's] property connecting those dwellings to an existing on-lot sewage system. A review of the township records revealed that neither [Appellee] nor anyone on his behalf had obtained the necessary permits for any modification to the existing system. Based upon this investigation, on August

---

1. While the Commonwealth Court also has jurisdiction to consider this matter, since the parties do not object, we will retain jurisdiction to decide the appeal. See Pa.R.A.P. 741.

2. By order issued May 8, 2006, this Court consolidated the three related cases.

3. We have adopted the Commonwealth's recitation of facts and procedural history and, in doing so, note that Appellee has not submitted a brief on appeal disputing such recitation.

17, 2005, the Officer filed three separate criminal complaints against [Appellee] for [his] failure to obtain sewage permits from the Township before connecting the occupied dwellings to an existing on-lot sewage system, as required by 35 P.S. § 750.7(A)(1). [Appellee] pled guilty at the Magisterial District Judge's Office, however he subsequently filed an appeal. The trial court held a *de novo* summary appeal hearing on January 17, 2006, and on March 14, 2006, announced in open court its finding that [Appellee] had committed three separate violations of 35 P.S. § 750.7(A)(1). Reasoning that [Appellee] had taken corrective measures, however, the trial court imposed a sentence of only One–Dollar ($1.00) fine on each violation.

Brief of Commonwealth at 5.

¶ 3 Thereafter, the Commonwealth filed a Motion for Modification of Sentence, which was denied by the court on April 6, 2006. The Commonwealth then filed the present appeal,[4] raising the following question for review:

> Whether the trial court erred as a matter of law when, after entering a verdict against [Appellee] upon a finding of guilt, the court imposed a fine of only One Dollar ($1.00) instead of the mandatory minimum sentence of no less than a Five Hundred Dollar ($500.00) fine for each of three violations of the Pennsylvania Sewage Facilities Act.

Brief of Commonwealth at 4.

¶ 4 Section 750.7 of the Act provides, in pertinent part, that:

> No person shall install, construct, or award a contract for construction, or alter, repair or connect to an individual sewage system or community sewage system or construct, or request bid proposals for construction, or install or occupy any building or structure for which an individual sewage system or community sewage system is to be installed without first obtaining a permit indicating that the site and the plans and specifications of such system are in compliance with the provisions of this act and the standards adopted pursuant to this act.

35 P.S. § 750.7(a)(1).

¶ 5 Pursuant to § 750.13, which sets forth penalties for violations of § 750.7:

> Any person who shall violate any provision of this act or the rules, regulations or standards promulgated pursuant to this act ... shall be guilty of a summary offense. Upon conviction thereof, such person **shall** be sentenced to pay a fine of not less than five hundred dollars ($500) nor more than five thousand dollars ($5,000), plus costs, or to imprisonment not to exceed ninety days, or both.

35 P.S. § 750.13 (emphasis added).

■ ¶ 6 In *Commonwealth v. Garris*, 448 Pa.Super. 529, 672 A.2d 343 (1996), this Court considered a challenge to the penalty provisions of the Act and found that "we are constrained to apply the law as it has been written[.]" *Id.* at 344.[5]

---

4. Pursuant to the court's order to do so, the Commonwealth filed a concise statement of matters complained of on appeal, to which the court issued what it termed a "RULE 1925(a) OPINION." The totality of this OPINION is a statement that reads as follows: "The Court makes the following statement in regards to the appeal by defendant: This case was decided solely on the credibility of the witnesses." Opinion filed 10/12/06.

5. *Garris* involved a case where an individual was fined pursuant to the penalty provisions of § 750.13 that were in effect at the time the proceedings against him commenced, notably "a fine of not less than one hundred dollars ($100) and costs, and not more than three

Consequently, a sentencing court has no discretion to impose a lesser minimum sentence than that mandated by the Legislature. *Cf. Commonwealth v. Vasquez,* 560 Pa. 381, 385, 744 A.2d 1280, 1282 (2000) (stating that "[o]nce a trial court has determined that the Commonwealth has established the requirements of a legislatively mandated sentence, the trial court has no discretion to deviate its sentence from that which is defined by statute").

¶ 7 Herein, by orders issued March 14, 2006, the trial court found that the Commonwealth, by credible testimony, established beyond a reasonable doubt that Appellee committed violations of 35 P.S. § 750.7. *See* Verdict and Sentence filed 3/14/06. Since the court did not impose the mandatory minimum sentences required for Appellee's violations of the Act, we vacate the sentences and remand for resentencing in accordance with that mandated by 35 P.S. § 750.13.[6]

¶ 8 Sentences Vacated; Remanded for Resentencing; Jurisdiction Relinquished.

---

hundred dollars ($300) and costs...." 672 A.2d at 344, *quoting* 35 P.S. § 750.13. Section 750.13 later was amended in the manner set forth above. Amended 1994, Dec. 14, P.L. 1250, No. 149, § 8, effective 365 days thereafter.

6. As this Court has noted:
   [W]e recognize that sentencing judges are sometimes faced with the task of imposing a mandatory sentence which seems unduly harsh under the circumstances. However, we remind them that the Legislature has seen fit to mandate certain minimum sentences, and they have no discretion to impose a lesser penalty....
   *Commonwealth v. Jones,* 413 Pa.Super. 482, 605 A.2d 825, 828 n. 7 (1992).