J-S76028-18

2019 PA Super 76

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GARY MIKEC, | : | |
| | : | |
| Appellant. | : | No. 670 WDA 2018 |

Appeal from the Judgment of Sentence, April 13, 2018,
in the Court of Common Pleas of Washington County,
Criminal Division at No(s): CP-63-SA-0000300-2017.

BEFORE: BENDER, P.J.E., KUNSELMAN, J., and MURRAY, J.

OPINION BY KUNSELMAN, J.: FILED MARCH 11, 2019

Gary Mikec appeals from the judgment of sentence, ordering him to pay a $500 fine, after a trial judge convicted him of a summary offense under the Pennsylvania Sewage Facilities Act ("PaSFA").[1] Because the Commonwealth previously tried and convicted him for this continuous violation of the PaSFA in 2017, we vacate Mr. Mikec's 2018 judgment of sentence and reverse his conviction, as a matter of law.

Mr. Mikec owns property in Chartiers Township, Washington County. The Washington County Sewage Council received numerous complaints from Chartiers Township officials regarding Mr. Mikec's septic tank. The township reported raw sewage oozing to the surface and running down the street. See N.T., 5/1/18, at 7. Sewage Enforcement Officer Stanley Glumac therefore investigated the property many times. See id. at 8. After several discussions

_____

[1] 35 P.S. §§ 750.1 – 750.20a.

with Mr. Mikec produced no improvements to the situation, Officer Glumac issued him an initial sewage-nuisance citation in 2016.

As both parties have stipulated for purposes of this appeal:

1.    On November 15, 2016, in the matter of Commonwealth v. Gary Mikec, 27201-NT-303-2016, Magisterial District Judge David W. Mark found Gary Mikec guilty of offense of Nuisances, 35 P.S. § 750.14 . . .

2.    On December 12, 2016, Gary Mikec filed a summary appeal to the finding of guilty on summary citation number R0593109-6 in Commonwealth v. Gary Mikec, 27201-NT-303-2016; this summary appeal was docketed at Washington County Docket Number CP-63-SA-430-2016.

3.    On April 12, 2017, after a trial de novo . . . Senior Judge John C. Reed found [him] guilty of Nuisances, 35 P.S. § 750.14 . . . and pursuant to 35 P.S. § 750.13 imposed a fine of $500 plus costs.

Joint Stipulations of Counsel, 4/27/18, at 1-2. Mr. Mikec did not appeal this first judgment of sentence.

Following the 2016 citation, Officer Glumac drove by the property about six times and always saw sewage leaking "down the street . . . from the area where the septic tank is located . . . ." N.T., 5/1/18, at 10-11. Officer Glumac testified that this was not "a one-time overflow," but "a continuous overflow." Id. at 11. He therefore issued Mr. Mikec a second, sewage-nuisance citation on July 13, 2017, three months after the first conviction and $500 fine.

Magisterial District Judge Mark again convicted Mr. Mikec of a summary offense, and Mr. Mikec again appealed to the court of common pleas. In a

trial de novo before Senior Judge William Nalitz, Mr. Mikec argued that this second citation and trial were improper. He argued the Commonwealth could not fine him a second time for his "continuous violation," because the General Assembly had not mandated reoccurring criminal liability.

The trial court rejected this argument and again convicted Mr. Mikec and sentenced him to pay an additional $500 fine. This timely appeal followed.

Mr. Mikec lists three issues in his brief. They are:

>  I.    Did the lower court err as a matter of law in finding Mikec guilty of 35 P.S. § 750.14 and sentencing him under 35 P.S. § 750.13 on April 11, 2018 after he was previously found guilty and sentenced for the same violation on April 12, 2017?
>
>  II.   Did the lower court err as a matter of law in finding Mikec guilty of 35 P.S. § 750.14 and sentencing him under 35 P.S. § 750.13 when the Superior Court in Commonwealth v. Garris, 672 A.2d 343 (Pa. Super. 1996), concluded that it is improper under 35 P.S. § 750.13 to impose multiple penalties for a continuing offense?
>
>  III.  Did the lower court err in denying the admission of Mikec's evidence of lack of citation of other property owners in support of his defense of selective prosecution by finding it to be an attempt to impeach a witness on a collateral matter?

Mikec's Brief at 4. In his brief, Mr. Mikec combines issues one and two. Thus, we will also address them as one issue. Moreover, because our disposition of that issue vindicates Mr. Mikec, we will not reach the merits of his remaining claim of error.

Mr. Mikec contends the trial court misinterpreted the provisions of the PaSFA and misapplied this Court's precedent, Garris, supra, by reconvicting and resentencing him for a continuous violation. He further notes that, in the twenty-two years since Garris, the legislature has not established recurring, criminal culpability for continuous PaSFA violations. Instead, he says, the PaSFA allows municipalities, such as Chartiers Township, to seek civil damages for ongoing violations. In other words, the government sought an impermissible, secondary, criminal sanction, when its proper remedy was via a weekly assessment under 35 P.S. § 750.13a(d).

The Commonwealth's single-paragraph argument relies exclusively on the trial court's Rule 1925(a) Opinion. See Commonwealth's Brief at 8. We will examine the trial court's rationale in detail shortly. As we will explain, the Commonwealth's reliance upon that 1925(a) Opinion is misplaced.

The interpretation of a statute – such as the PaSFA – presents this Court with a purely legal question. Thus, "our scope of review is plenary, and our standard of review is de novo." Commonwealth v. Andrews, 173 A.3d 1219, 1221 (Pa. Super. 2017).

We begin our review with a discussion of Commonwealth v. Garris, 672 A.2d 343 (Pa. Super. 1996). In that case, a criminal complaint was filed against Mr. Garris for not obtaining a permit under 35 P.S. § 750.7.[2] After a

---

[2] 35 P.S. § 750.7 deals with many situations where land owners might "install, construct, or award a contract for construction, or alter, repair or connect to

- 4 -

hearing on the matter, the court ordered him to correct the sewage violation by a date certain. Mr. Garris did not comply in time. Thus, the magistrate fined him $2,700 for the period of time during which the problem remained uncorrected. Mr. Garris appealed to the court of common pleas, which convicted and ordered him to pay the $2,700 fine. He appealed to this Court, and we vacated his sentence.

When interpreting 35 P.S. §§ 750.7 and 750.13 in Garris, this Court was faced with deciding "whether Garris' inactivity constituted more than one violation of § 750.7." Garris at 344. We explained that the rules of statutory construction provide:

> "[w]henever a penalty or forfeiture is provided for the violation of a statute, such penalty or forfeiture shall be construed to be for each such violation." 1 Pa.C.S.A. § 1930. Thus, we must determine whether Garris's inactivity constituted more than one violation of § 750.7. After careful consideration, we find that Garris's failure to obtain a sewage permit equaled a single continuing violation, rather than a series of identical violations.
>
> "[C]ontinuing offenses are proscribed activities that are of an ongoing nature and cannot be feasibly segregated into discrete violations so as to impose separate penalties." Newcomer Trucking v. P.U.C., 109 Pa. Commw. 341, 345, 531 A.2d 85, 87 (1987) (citation omitted). Instantly, without legislative guidance, it is impossible for us to segregate Garris's inactivity into separate violations of § 750.7. Any attempt to do so merely

---

an individual sewage system or community sewage system or construct, or request bid proposals for construction, or install or occupy any building or structure for which an individual sewage system or community sewage system is to be installed . . . ." 35 P.S. § 750.7(a)(1). Section 750.7 mandates that all sewerage-related building, repair, or connection projects receive permitting via the appropriate, governmental authority. See id.

equates to an arbitrary judicial determination. Taken to its logical extension, the Commonwealth would have us find separate violations for every hour, minute, or second that Garris had not obtained a permit. Appellee essentially requests that we re-write § 750.13 to read that the maximum penalty may be imposed "per day for each violation." While our legislature has repeatedly written such language into the laws of our state, it has failed to do so concerning § 750.13. As such, we are constrained to apply the law as it has been written and, thus, it would be improper to adjudicate Garris guilty of more than one violation of § 750.7. See Key Savings and Loan Assn. v. Louis John, Inc., 379 Pa.Super. 226, 230-32, 549 A.2d 988, 991 (1988) ("this Court is without authority to insert a word into a statutory provision where the legislature has failed to supply it").

Garris, 672 A.2d at 344 (footnote omitted).

Just like the permit-requirement section at issue in Garris, the language of Section 750.14 makes no mention of continuous discharges resulting in recurring, daily summary offenses, as the Commonwealth contends. Instead, the statutory language has a plain and unambiguous meaning – specifically, sewage discharge to the surface of an owner's land is "a nuisance." 35 P.S. § 750.14 (emphasis added). That plain language shows a legislative intent to create only one criminal act, per continuous overflow.

In addition, as it did in Garris, 35 P.S. § 750.13 reinforces this interpretation. Section 750.13 establishes "a summary offense" – i.e., one – for each nuisance. 35 P.S. § 750.13 (emphasis added).

In the two decades since Garris, the General Assembly did not amend Section 750.13 to establish daily, recurring summary offenses. Had it wished to adjust the PaSFA's language in response to Garris, the legislative branch

had ample opportunity to do so. It has not. Thus, we find in Sections 750.14 and 750.13 the same legislative scheme that Garris found in Sections 750.7 and 750.13 of the PaSFA – namely, one count of criminal culpability per statutory violation.

The trial judge found Garris inapplicable, because law enforcement only cited Mr. Garris once, but cited Mr. Mikec twice. Trial Court Opinion, 6/14/18, at 2. In other words, the trial court concluded that Mr. Mikec committed a second offense in 2017, because Officer Glumac issued him a second citation. But this circular logic only begs the question at bar: i.e., did Officer Glumac properly cite Mr. Mikec in 2017 a second time for the continuing violation?

We find this second citation was improper, because, the 2017 leak was not "a one-time overflow," but rather, "a continuous" one that began in 2016. N.T., 5/1/18, at 11.

Moreover, the trial court opined that, if Mr. Mikec "is correct, it would be far less expensive for a homeowner to pay a single fine under §750.13 rather than spend considerably more in remediating a faulty system." Trial Court Opinion, 6/14/18, at 2.

Here, the trial judge's logic is sound. But "without legislative guidance, it is impossible for us to segregate [Mr. Mikec's] inactivity into separate violations of" Section 750.14, and the trial judge's "attempt to do so merely equates to an arbitrary judicial determination." Garris at 344.

Instead, the legislature has provided municipalities, such as Chartiers Township, an administrative, civil remedy to deal with persons, such as Mr.

Mikec, who refuse to clean-up their sewage pollution. Local governments'
statutory recourse is as follows:

> [i]n any case where the department, municipality, or local
> agency determines that damage resulting from the violation
> is of a continuing nature, the department, municipality, or
> local agency may impose a weekly assessment of not more
> than two-thousand-five-hundred dollars ($2,500) per week
> for each week the violation continues unabated by the
> violator. The weekly assessment shall accrue indefinitely
> after the date of notice of the assessment to the violator.

35 P.S. § 750.13a(d). Indeed, the assessing governmental authority may
unilaterally impose a greater financial penalty than the minimum fine of $500
under 35 P.S. § 750.13. Accordingly, we agree with Mr. Mikec. Chartiers
Township (and, by extension, the Commonwealth) has, by issuing a second
criminal citation, pursued an improper means for abating Mr. Mikec's on-going
nuisance of a leaking septic tank.

Because the trial court erroneously convicted and fined Mr. Mikec twice
for a single, continuous violation of the PaSFA, we overturn this second guilty
verdict.

Also, this renders Mr. Mikec's remaining appellate issue moot. As such,
we dismiss it.

Conviction reversed. Judgment of sentence vacated.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/11/2019